Craig H. Handler [CHH-2002]
KUSHNICK & ASSOCIATES, P.C.
445 Broad Hollow Road, Suite 124
Melville, New York  11747
(631) 752-7100


UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------X
AIDA MARKISIC,                                  :          Case No. 08-cv-05478 (SCR)
                                                :
                      Plaintiff,                :
                                                :          NOTICE OF MOTION
        -against-                               :          TO DISMISS
                                                :
THE YANKEE SYSTEMS, INC.,                       :
JOSEPH FISCHBEIN, PARTRIDGE &                   :
PARTRIDGE REALTY CORP., CHRIS                   :
PARTRIDGE, WESTERMAN, BALL,                     :
EDERER, MILLER & SHARFSTEIN,                    :
LLP, PHILIP J. CAMPISI, JR., ACME               :
REALTY INC., ANTONIO HECTOR                     :
AUGUSTI and HEWES STATION, LLC, :
                                                :
                      Defendants.               :
-----------------------------------------------------X

**PLEASE TAKE NOTICE** that upon the Memorandum of Law submitted herewith, and the

prior pleadings and proceedings in this action, defendants PARTRIDGE REALTY CORP, CHRIS

PARTRIDGE and HEWES STATION, LLC, by their attorneys, KUSHNICK & ASSOCIATES,

P.C., will move this Court, at a time and place to be determined by the Court, pursuant to Rules

12(b) and 9(a) of the Federal Rules of Civil Procedure, for an order dismissing the plaintiff's

complaint in its entirety, with prejudice, and for such further and different relief as this Court deems

just and proper.

Dated: Melville, New York
    July 3, 2008

                                    Yours, etc.,

                                    KUSHNICK & ASSOCIATES, P.C.


                                    By:___/s/ Craig H. Handler_____
                                        Craig H. Handler, Esq. [CHH-2002]
                                        *Attorneys for Defendants Partridge & Partridge*
                                        *Realty Corp., Chris Partridge and Hewes*
                                        *Station, LLC*
                                        445 Broad Hollow Road, Suite 124
                                        Melville, New York  11747
                                        631-752-7100


To:    All Parties (Via ECF & First Class Mail)

       Orseck Law Offices PLLC
       Attorneys for Plaintiff, **Aida Markisic**
       1924 State Route 42
       P.O.Box 469
       Liberty, NY  12754

       **The Yankee Systems, Inc.**
       137 Starlight Road
       Monticello, NY 12701

       **Joseph Fischbein**
       137 Starlight Road
       Monticello, NY 12701

       **Westerman, Ball, Ederer, Miller & Sharfstein LLP**
       477 Madison Avenue
       New York, NY 10022

       **Philip J. Campisi, Jr.**
       Westerman, Ball, Ederer, Miller & Sharfstein LLP
       477 Madison Avenue
       New York, NY 10022

       **ACME Realty Inc.**
       3297 23rd Street
       Astoria, NY 11106

       **Antonio Hector Augusti**
       200 Whitehorn Drive
       Miami Springs, FL 33166

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------X

AIDA MARKISIC,                              :          Case No. 08-cv-05478 (SCR)
                                            :
                        Plaintiff,          :
                                            :
        -against-                           :
                                            :
THE YANKEE SYSTEMS, INC.,                   :
JOSEPH FISCHBEIN, PARTRIDGE &               :
PARTRIDGE REALTY CORP., CHRIS               :
PARTRIDGE, WESTERMAN, BALL,                 :
EDERER, MILLER & SHARFSTEIN,                :
LLP, PHILIP J. CAMPISI, JR., ACME           :
REALTY INC., ANTONIO HECTOR                 :
AUGUSTI and HEWES STATION, LLC,             :
                                            :
                        Defendants.         :

------------------------------------------------------X

MEMORANDUM OF LAW OF DEFENDANTS
PARTRIDGE & PARTRIDGE REALTY CORP., CHRIS PARTRIDGE
and HEWES STATION, LLC IN SUPPORT OF THEIR
MOTION TO DISMISS PLAINTIFF'S COMPLAINT

KUSHNICK & ASSOCIATES, P.C.
By: Craig H. Handler [CHH-2002]
Attorneys for Defs., Partridge & Partridge Realty
Corp., Hewes Station, LLC and Chris Partridge
445 Broad Hollow Road, Suite 124
Melville, New York 11747
Tel: (631) 752-7100
Fax: (631) 777-7732

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES …………………………………….    4

PRELIMINARY STATEMENT …………………………………...    7

PLAINTIFF'S ALLEGATIONS AS SET
FORTH IN THE AMENDED
COMPLAINT …..........................................................................    8

LEGAL STANDARD…………………………………………….    11

POINT I.

    PLAINTIFF IS BARRED FROM CLAIMING
    AGAINST DEFENDANTS PURSUANT TO
    REAL PROPERTY LAW SECTION 442………………    12

    A.    Real Property Law §442-a prohibits
        real estate salesman from seeking to
        recover from purchaser compensation
        for services rendered in transfer of property…….    12

    B.    Plaintiff has no standing to assert a claim for
        Compensation against purchaser on behalf of
        the defendant real estate brokers…..……………..    14

    C.    Even if Plaintiff could maintain an action
        against the Moving Defendants on behalf
        of the broker defendants, the action must
        still be dismissed due to a lack of diversity
        jurisdiction………………………………………….    16

POINT II

    PLAINTIFF'S COMPLAINT MUST BE
    DISMISSED FOR FAILURE TO STATE
    A CLAIM AGAINST THE MOVING
    DEFENDANTS...…………………………………………..    18

POINT III

PLAINTIFF'S COMPLAINT IS FRIVOLOUS
AND THE MOVING DEFENDANTS SHOULD
THEREFORE BE AWARDED SANCTIONS
PURSUANT TO RULE 11……………………………………..          20


CONCLUSION ………………………………………………….          23

<u>TABLE OF AUTHORITIES</u>

<u>Page(s)</u>

<u>Airlines Reporting Corp.</u>,
58 F.3d at 863 (2d Cir.1995)……………………………………………    17

<u>Atkinson v. Mobil Oil Corp.</u>,
205 A.D.2d 719, 720 (2nd Dep't 1994)………………………………….    19

<u>Bell Atlantic v. Twombly</u>,
__U.S.__, 127 S.Ct. 1955 (2007)………………………………………..    11

<u>Caniglia v. Chicago Tribune-New York News Syndicate, Inc.</u>,
204 A.D.2d 233, 234 (1st Dep't 1994)………………………………….    19

<u>Conley v. Gibson</u>,
355 U.S. 41, 45-46, 78 S.Ct. 99, 102 (1957)……………………………    11

<u>Conlon v. Teicher</u>,
8 A.D.3d 606, 779 N.Y.S.2d 574 (2nd Dep't 2004)………………………    12

<u>Eastway Constr. Corp. v. New York</u>,
762 F.2d 243, 253 (2nd Cir. 1985)………………………………………...    20

<u>Estate of Calloway v. The Marvel Entertainment Group</u>,
9 F.3d 237, 27 fed.R.Serv.3d 753 (2nd Cir. 1993)…………………………...    20

<u>Ferrara v. Philadelphia Labs. Inc.</u>,
272 F.Supp. 1000, 1007-08, *aff'd,* 393 F.2d 934 (2d Cir.1967)……………..    17

<u>Humm v. Lombard World Trade, Inc.</u>,
916 F.Supp. 291 (S.D.N.Y. 1996)………………………………………    16

<u>In re: R.J. Russell Associates, Inc.</u>,
1997 WL 33702298 (W.D.N.Y. 1997)…………………………………….    13

<u>In re Thomas Van Riper, Inc.</u>,
1999 WL 184111 (E.D.N.Y.)(E.D.N.Y. 1999)………………………………    13

<u>Kades v. Organic Inc.</u>,
WL 470331 (S.D.N.Y. 2003)……………………………………………    17

<u>Kirschner v. Zoning Board of Appeals of the Incorporated Village</u>
<u>of Valley Stream</u>,
159 F.R.D. 391 (E.D.N.Y. 1995)………………………………………….    20, 21

Levine v. County of Westchester,
164 F.R.D. 372, 34 Fed.R.Serv.3d 305 (S.D.N.Y. 1996)……………………..    20

Levinson v. Genesse Associates,
172 A.D.2d 400, 568 N.Y.S.2d 780 (1st Dep't 1991)…………………………    12, 13

Myles v. Litas Investing Co.,
152 A.D.2d 731, 544 N.Y.S.2d 183 (2nd Dep't 1989)…………………………    13

Podolsky v. Cuomo,
52 N.Y.2d 1059, 420 N.E.2d 396, 438 N.Y.S.2d 515 (1981)…………………    21

Prudential Oil Com. v. Phillips Petroleum Co.,
546 F.2d 469, 475 (2d Cir.1976)……………………………………………    17

Rocco v. Sortino,
105 A.D.2d 1063, 482 N.Y.S.2d 634 (4th Dep't 1984)………………………..    15

Schaker Real Estate corp. v. Heller,
46 A.D.2d 696, 360 N.Y.S.2d 273 (2nd Dep't 1974)…………………………    13

Securities Investor Protection Corporation v. BDO Seidman, LLP,
49 F.Supp.2d 644 (S.D.N.Y. 1999)……………………………………………    15

Solow v. Stone,
994 F.Supp. 173, 178 (S.D.N.Y.1998)………………………………………    15

Traeer v. New Rochelle Hosp. Med. Ctr.,
453 F.Supp. 516, 519 (S.D.N.Y.1978)………………………………………    17

Visual Sciences, Inc. v. Matsushita Electric Industrial Co., Ltd.,
528 F.Supp. 1000 (E.D.N.Y. 1981)……………………………………………    16

Weintraub v. Welch,
77 A.D.2d 792, 430 N.Y.S.2d 738 (4th Dep't 1980)…………………………...    13

**Federal Statutes**

F.R.C.P. (9)(a)……………………………………………………….     7

F.R.C.P. 11……………………………………………………...     20, 21

F.R.C.P. 12(b)(6)…………………………………………………….     7

F.R.C.P. 19……………………………………………………...     18

28 U.S.C. 1332(a)…………………………………………………….     16

28 U.S.C. § 1359…………………………………………………….     16

**New York State Statutes**

Real Property Law §441………………………………………………….     21

Real Property Law §442…………………………………………….     7, 10, 12, 13, 14, 15, 17, 18, 21

## PRELIMINARY STATEMENT

Defendants, PARTRIDGE & PARTRIDGE REALTY CORP. ("Partridge Realty"), CHRIS PARTRIDGE ("Partridge") and HEWES STATION, LLC ("Hewes")(hereafter, Partridge, Partridge Realty and Hewes shall be collectively referred to as the "Moving Defendants"), respectfully submit this Memorandum of Law in support of their motion pursuant to Rules 12(b)(6) and 9(a) of the Federal Rules of Civil Procedure, to dismiss the First Cause of Action (the only cause of action alleged against them) contained within plaintiff's Complaint, based upon:  (1) the statutory bar of Real Property Law §442 which precludes a real estate salesperson from demanding or receiving brokerage commissions against the Moving Defendants; (2) Plaintiff's failure to plead a claim pursuant to Fed. R. Civ. P. 12(b)(6); and (3) Plaintiff's lack of capacity to maintain an action against the Moving Defendants.

In summary, plaintiff's amended complaint is little more than a "scattergun" attempt to impose liability against the Moving Defendants due to the actions or inactions of other parties. In fact, plaintiff, a real estate salesperson since at least the year 2000, is well aware of her inability to maintain an action against the Moving Defendants, and has merely attempted to sidestep the well settled statutory bar imposed by Real Property Law §442 through deceptive legal drafting.

Even assuming, *arguendo*, that the bar imposed by Real Property Law §442 is inapplicable, the complaint against the Moving Defendants still must fail as the few substantive allegations that are made in the complaint do not support a claim against any of the Moving Defendants, but, rather, actually definitively establish that no claim against the Moving Defendants exists.  Specifically, plaintiff concedes that she was a real estate salesperson with a

past relationship with the sellers, Defendants the YANKEE SYSTEMS LLC and JOSEPH FISCHBEIN, but had no brokerage agreement for the subject deal. Such concessions, as is more fully set forth herein, bar plaintiff from recovering against anyone, but particularly the Moving Defendants, as a matter of law.

For the foregoing reasons, it is respectfully requested that this Court grant the Moving Defendants' motion to dismiss the entire action as against them.

## PLAINTIFF'S ALLEGATIONS AS SET FORTH
## IN THE AMENDED COMPLAINT

Plaintiff's Amended Complaint sets forth a confusing web of allegations involving a tale spanning over eight (8) years and including a cast of characters, many of which have not been named as party defendants and who appear to have no relation to the instant matter.

Nevertheless, according to the allegations contained within plaintiff's complaint, plaintiff AIDA MARKISIC ("Markisic" or "plaintiff") is a licensed real estate **salesperson** who has maintained a New York State real estate salesperson's license since "at least 2000 to the present time." (A copy of plaintiff's Amended Complaint is annexed hereto as Exhibit "A"). In or about April 2001, plaintiff allegedly became loosely affiliated with defendants YANKEE SYSTEMS INC. ("Yankee") and JOSEPH FISCHBEIN (Fischbein"), in her capacity as a representative of a non-party purchaser for an unrelated parcel. Subsequently, in or about "late 2002 or early 2003," plaintiff allegedly became affiliated as a salesperson with defendants ACME REALTY INC. ("ACME") and ANTONIO HECTOR AUGUSTI ("Augusti"), who according to plaintiff's allegations, were licensed real estate brokers[1]. Plaintiff thereafter alleges to have advised

---

[1] A search conducted with the New York State Department of State, Division of Licensing reveals that neither ACME Realty Inc. nor Antonio Hector Augusti, currently hold a valid New York State real estate broker's license. (See Exhibit "B").

defendants Yankee and Fischbein of her new affiliation, and proceeded to negotiate the sale and/or purchase of a number of properties for and on behalf of Fischbein.

Next, according to the complaint, plaintiff was "introduced" to the Moving Defendant Partridge in the "summer of 2004" and attempted to arrange a sale of property owned by defendants Yankee and/or Fischbein and located at 26-36 27th Avenue, Astoria, New York (the "subject property"). Here, plaintiff impermissibly lumps all three of the moving defendants together. In reality, Moving Defendant Hewes was to be the purchaser. Moving Defendant Partridge is merely a managing member of Hewes, and Moving Defendant Partridge Realty has no relation whatsoever to the subject transaction. Indeed, plaintiff cannot and does not allege a single substantive claim against the Moving Defendant Partridge Realty, and even fails to allege that it is in some manner or fashion related to the purchaser Hewes. Plaintiff's failure to even attempt to classify Partridge Reality's involvement in the instant lawsuit further demonstrates the plaintiff's scattergun and unsupported method of pleading.

What follows in the plaintiff's complaint is a smattering of ambiguous factual allegations involving plaintiff's alleged negotiations to "structure a deal" between defendants Yankee and Fischbein as sellers, and the Moving Defendants as purchasers. These allegations serve only to further obfuscate the actual relationships and dealings between and amongst the parties. However, the one point plaintiff makes abundantly clear is that there was never an agreement between her and any of the defendants (Moving Defendants or otherwise), certainly no meeting of the minds, as to defendant ACME's relationship to the deal as broker and plaintiff's relationship as salesperson for the subject transaction. In fact, plaintiff fails to even allege that there was a brokerage agreement, written or verbal, and merely makes the bald accusation that Partridge agreed that she was entitled to a "fair commission". The remainder of plaintiff's factual

allegations consist of more ambiguous allegations against the remaining defendants, the brokers ACME Realty and Augusti, and WESTERMAN, BALL, EDERER, MILLER & SHARFSTEIN, LLP, a law firm allegedly retained to pursue a claim against the defendant sellers and the Moving Defendants as purchasers, and PHILIP J. CAMPISI, a lawyer at the defendant firm.

The factual allegations contained within plaintiff's complaint serve little purpose, but to demonstrate that plaintiff does not possess a single viable cause of action against the Moving Defendants. Plaintiff concedes that she was and is a licensed real estate salesperson and alleges to have been affiliated with defendant brokers ACME Realty and Augusti at the time of the sale of the subject property. Plaintiff further concedes that the Moving Defendants were purchasers or ostensibly, entities somehow related to the purchasers of the subject property. Accordingly, as will be demonstrated below, the statutory bar imposed by Real Property Law §442, unquestionably precludes plaintiff's claims against the Moving Defendants.

Finally, in addition to plaintiff's inability to assert a claim for brokerage commissions against the Moving Defendants, the complaint is conspicuously bare of any semblance of precise or even supportive allegations against the Moving Defendants, allegations that are required by the Federal Rules of Civil Procedure.

## LEGAL STANDARD

In <u>Bell Atlantic v. Twombly</u>, __U.S.__, 127 S.Ct. 1955 (2007), the Supreme Court

rejected the oft-quoted language from <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102

(1957), that "a complaint should not be dismissed for failure to state a claim unless it appears

beyond doubt that the plaintiff can prove no set of facts in support of his claim which would

entitle him to relief." The <u>Bell Atlantic</u> Court held:

> [A]fter puzzling the profession for 50 years, this famous
> observation has earned its retirement. The phrase is best forgotten
> as an incomplete, negative gloss on an accepted pleading standard:
> once a claim has been stated adequately, it may be supported by
> any set of facts consistent with the allegations of the complaint.
> <u>Conley</u>, then, described the breadth of opportunity to prove what
> an adequate complaint claims, not the minimum standard of
> pleading to govern a complaint's survival.

__U.S.__, 127 S.Ct. at 1969. In place of the discredited language from <u>Conley</u>,

the Court relied upon other authority holding that:

> While a complaint attacked on a Rule 12(b)(6) motion does not
> need detailed factual allegations, a plaintiff's obligation to provide
> the 'grounds' of his 'entitlement to relief' requires more than labels
> and conclusions, and a formulaic recitation of the elements of a
> cause of action will not do. Factual allegations must be enough to
> raise a right to relief above the speculative level, on the assumption
> that all the allegations in the complaint are true (even if doubtful in
> fact).

Id., 127 S.Ct. at 1959 (citations omitted). The Court summarized the applicable

standard as requiring, at least, allegations "plausibly suggesting (not merely

consistent with)," liability.

## LEGAL ARGUMENTS

## POINT I.

## PLAINTIFF'S CLAIM AGAINST THE MOVING DEFENDANTS IS PRECLUDED BY REAL PROPERTY LAW SECTION 442

Plaintiff's sole cause of action against the Moving Defendants is the First Cause of Action in the Amended Complaint and is premised strictly upon plaintiff's alleged entitlement to a portion of a brokerage commission arising out of the sale of the subject property.

Real Property Law §442-a provides:

> "No real estate salesman in any place in which this article is applicable shall receive or demand compensation of any kind from any person, other than a duly licensed real estate broker with whom he associated, for any service rendered or work done by such salesman in the appraising, buying, selling, exchanging, leasing, renting or negotiating of a loan upon any real estate."

**A.    Real Property Law §442-a proscribes a real estate salesman from seeking to recover from a purchaser compensation for services rendered in the transfer of property**

Courts of the State have uniformly enforced §442-a of the Real Property Law by unceremoniously dismissing actions commenced by real estate salespersons who seek compensation from any party other than the broker with whom said salesperson was associated at the time of the subject transaction. See, <u>Levinson v. Genesse Associates</u>, 172 A.D.2d 400, 568 N.Y.S.2d 780 (1st Dep't 1991)(licensed real estate salesperson could not demand any compensation from purchasers of commercial building for services rendered in connection with purchase…Real Property Law limited salesperson to demanding compensation from real estate

broker with whom she was associated); <u>Conlon v. Teicher</u>, 8 A.D.3d 606, 779 N.Y.S.2d 574 (2nd Dep't 2004)(plaintiff salesperson statutorily barred from bringing against any party other than a licensed real estate broker with whom she was associated...Plaintiff's remedy is to seek to recover damages from broker); <u>In re: R.J. Russell Associates, Inc.</u>, 1997 WL 33702298 (W.D.N.Y.)(W.D.N.Y. 1997)(citing New York Real Property Law §442-a, "New York law prohibits payment of commissions directly to salespersons"); <u>Schaker Real Estate corp. v. Heller</u>, 46 A.D.2d 696, 360 N.Y.S.2d 273 (2nd Dep't 1974)(Real estate salespersons' right to recovery, if any, for efforts in leasing building was only against their employer, and not against the lessor); <u>Weintraub v. Welch</u>, 77 A.D.2d 792, 430 N.Y.S.2d 738 (4th Dep't 1980)(Real Property Law §442-a proscribes real estate salesman from seeking to recover from purchaser compensation for services rendered in transfer of property); <u>In re Thomas Van Riper, Inc.</u>, 1999 WL 184111 (E.D.N.Y.)(E.D.N.Y. 1999)(where real estate salespersons' claim is based upon compensation for services regulated by Real Property Law §442-a, action against party other than associated broker is foreclosed); and <u>Myles v. Litas Investing Co.</u>, 152 A.D.2d 731, 544 N.Y.S.2d 183 (2nd Dep't 1989).

Indeed, real estate salespersons have frequently attempted to maintain actions for brokerage commissions against parties other than their associated brokers, including against purchasers, sellers and lessors. However, in those cases, the plaintiff at least attempted to argue that Real Property Law §442-a did not apply, by classifying his or her services as something other than services to buy, sell, exchange or lease real estate. Nevertheless, even in those instances, the Courts correctly saw through the plaintiffs' attempts to sidestep the clear statutory consequence of §442-a, and dismissed each complaint. See, <u>Levinson v. Genesse Associates</u>, 172 A.D.2d 400, *supra;* and <u>Myles v. Litas Investing Co.</u>, 152 A.D.2d 731, *supra*. In the instant

matter, plaintiff has simply alleged that the underlying transaction was a straightforward purchase of real property and that her services purportedly rendered were for nothing other than to facilitate its sale.

The plaintiff's own allegations contained within the amended complaint demonstrate: 1) plaintiff was a real estate salesperson at the time the subject property was sold; 2) plaintiff allegedly rendered services in connection with the sale which were strictly in furtherance of facilitating the sale of the subject property; and 3) the Moving Defendants were not brokers associated with plaintiff, but rather purchasers, or entities and/or persons related to the purchaser, of the subject property. Accordingly, Real Property Law §442-a is directly applicable to the circumstances of this action and undeniably precludes plaintiff from maintaining an action against the Moving Defendants, as a matter of law.

> **B.**    **Plaintiff has no standing to assert a claim for Compensation against purchaser on behalf of the defendant real estate brokers**

The Real Property Law's preclusion of plaintiff's claim against the Moving Defendants is well-settled and absolute. However, this has not stopped the plaintiff from proceeding with and attempting to maintain this frivolous action against the Moving Defendants. Indeed, perhaps most troubling of all, plaintiff even acknowledges the proscription of Real Property Law §442-a, and specifically cites the statutory language, in her complaint (See Exhibit "A", paragraph 35). Rather than pursue a proper claim solely against the brokers whom plaintiff alleges to have been associated with at the time the subject property was sold, plaintiff has chosen to commence and maintain a patently frivolous action against the Moving Defendants. In a blatant attempt to skirt Real Property Law §442-a, the plaintiff asserts a cause of action against the Moving Defendants "on behalf of ACME and AUGUSTI for the benefit of Aida…for non-payment of earned

brokerage commission." Not only is this claim entirely without legal merit, but it flies directly in the face of the legislative intent of Real Property Law §442-a.

Quite simply, plaintiff has absolutely no legal standing to maintain a claim against the Moving Defendants on behalf of the defendant brokers ACME Realty and Augusti. It is well settled that to have standing to sue in federal court, a party must assert his or her own legal rights and interests and cannot rest his or her claim to relief upon the legal rights or interests of third parties. See, <u>Securities Investor Protection Corporation v. BDO Seidman</u>, LLP, 49 F.Supp.2d 644 (S.D.N.Y. 1999). Indeed, "standing is a jurisdictional matter and the plaintiff must 'allege facts demonstrating that he is the proper party to invoke jurisdictional resolution of the dispute. *Id.* at 649; *see, e.g.*, <u>Solow v. Stone</u>, 994 F.Supp. 173, 178 (S.D.N.Y.1998). To the contrary, plaintiff in the instant matter has actually alleged facts that establish that she is **not** the proper party to bring a claim, if any, against the Moving Defendants. By plaintiff's very own admission, only the defendant brokers ACME Realty and Augusti could possibly bring a proper claim against the Moving Defendants, if such a claim actually existed.

The only cognizable legal theory that would possibly entitle plaintiff to maintain an action against the Moving Defendants would be if the defendant brokers had assigned their right to a commission to the plaintiff. See, <u>Rocco v. Sortino</u>, 105 A.D.2d 1063, 482 N.Y.S.2d 634 (4th Dep't 1984). In the matter at bar, plaintiff has not and cannot allege that such an assignment has been made by the broker defendants. Indeed, the complaint states causes of action against the broker defendants and even alleges that the broker defendants have refused to communicate with her, and even refuse to join in the action as plaintiffs, making the existence of an assignment of rights, "unlikely". Accordingly, plaintiff is not the proper party to bring a claim against the Moving Defendants, and as such, the complaint must be dismissed.

**C.    Even if Plaintiff could maintain an action against the Moving Defendants on behalf of the broker defendants, the action must still be dismissed due to a lack of diversity jurisdiction**

Assuming, *arguendo*, that the plaintiff could maintain an action against the Moving Defendants by asserting a claim "on behalf of" the defendant brokers, the action must still be dismissed on the grounds of a lack of diversity jurisdiction. Plaintiff has alleged in her complaint that jurisdiction exists in this action in accordance with 28 U.S.C. 1332(a) in that the matter in controversy exceeds the sum of $75,000 and the action is between "citizens of different States…" Plaintiff, being a resident of the State of Connecticut and each of the defendants residing and/or maintaining a principle place of business in New York and/or Florida. However, in the event plaintiff was permitted to claim against the Moving Defendants on behalf of the broker defendants ACME Realty and Augusti, true and complete diversity jurisdiction would no longer exist. Defendant ACME Realty is a New York State domestic corporation, with a principle place of business located in Astoria, New York. (See Exhibit "C"). As such, if the plaintiff is entitled to assert a claim on behalf of the defendant broker, a New York State corporation, complete diversity of citizenship between plaintiff and defendants is lacking, and the complaint must be dismissed. *See*, Humm v. Lombard World Trade, Inc., 916 F.Supp. 291 (S.D.N.Y. 1996); and Visual Sciences, Inc. v. Matsushita Electric Industrial Co., Ltd., 528 F.Supp. 1000 (E.D.N.Y. 1981).

Indeed, pursuant 28 U.S.C. § 1359, "a district court shall not have jurisdiction of a civil action in which any party, by assignment or otherwise, has been improperly or collusively made or joined to invoke the jurisdiction of such court." 28 U.S.C.A. § 1359 (West 1993 and Supp.2002.) Courts in the Second Circuit have recognized that "[s]ection 1359 should ... be

construed broadly to bar any attempt to create federal diversity jurisdiction." <u>Prudential Oil Com. v. Phillips Petroleum Co.</u>, 546 F.2d 469, 475 (2d Cir.1976). In addition, "there is a presumption against diversity jurisdiction, and when defendants raise the issue, the burden rests on the plaintiff to prove proper invocation of this Court's jurisdiction." <u>Traeer v. New Rochelle Hosp. Med. Ctr.</u>, 453 F.Supp. 516, 519 (S.D.N.Y.1978) (dismissing complaint where assignment did not provide genuine basis for federal diversity jurisdiction); <u>Airlines Reporting Corp.</u>, 58 F.3d at 863 (2d Cir.1995) (upon a defendant's challenge, the party asserting diversity must "demonstrate that the reason given for the assignment is legitimate, not pretextual."). As set forth above, even though plaintiff has not alleged that the right of defendant broker ACME Realty to claim against the Moving Defendants was assigned to plaintiff, assuming for the sake of argument that it had, "if the assertion of proper diversity is premised on an assignment of the claim to a named plaintiff, the business reason asserted by the plaintiff for the assignment must be sufficiently compelling, such that it is clear that the assignment would have been made absent the purpose of gaining a federal forum." <u>Ferrara v. Philadelphia Labs. Inc.</u>, 272 F.Supp. 1000, 1007-08, *aff'd,* 393 F.2d 934 (2d Cir.1967) (finding presumption against diversity jurisdiction and dismissing complaint for improper or collusive invocation of federal diversity jurisdiction). See, <u>Kades v. Organic Inc.</u>, WL 470331 (S.D.N.Y. 2003).

Therefore, since the plaintiff is precluded from maintaining an action against the Moving Defendants due to the statutory bar of Real Property Law §442-a, and has no standing to maintain a claim on behalf of the defendant brokers, the complaint must be dismissed against the Moving Defendants and the instant motion must be granted in its entirety.

## POINT II.

### PLAINTIFF'S COMPLAINT MUST BE DISMISSED FOR
### FAILURE TO STATE A CLAIM

Plaintiff has stated a single cause of action against the Moving Defendants. The First

Cause of Action contains the following two paragraphs of allegations:

> 34.    As a result of all of the foregoing, and on behalf of her real
> estate broker association with Acme and Augusti, Aida
> successfully brokered the real estate transaction wherein and
> whereby Fischbein/Yankee Systems sold the subject premises to
> Partridge/Partridge Realty/Hewes Station for at least $4,500,000,
> thereby entitling Acme and Augusti to a brokerage commission,
> the agreed and fair and customary value of which is 4% of the
> purchase price, being the sum of $180,000.

> 35.    That with respect to this cause of action, and this cause of
> action only, defendants Acme and Augusti are named as
> defendants in accordance with FRCP 19 because they refuse to join
> this action as plaintiffs and are necessary parties hereto in that New
> York Real Property Law 442-a provides that a licensed real estate
> salesperson may not seek recovery for any services provided by
> such salesperson such right to collection being only within the
> province off "a duly licensed real estate broker with whom [the
> salesperson is] associates…," such salesperson being Aida and
> such duly licensed real estate broker being Augusti and Acme.

These two paragraphs are the sole allegations contained in the plaintiff's First Cause of

Action, the only cause of action stated against the Moving Defendants. These two paragraphs

merely establish that the plaintiff's claim against the Moving Defendants must be dismissed.

There are no elements stated of any proper cause of action whatsoever. Plaintiff has simply failed

to state a claim for anything. Ostensibly, it appears the plaintiff is attempting to establish a claim

for a breach of a brokerage agreement. However, plaintiff has failed to identify the specific

contract that the Moving Defendants are alleged to have breached, nor does plaintiff recount the

terms of the purported agreement. A breach of contract claim requires dismissal, where, as here,

it fails to plead, in non-conclusory language, "the essential terms of the…contract including those specific provisions of the contract upon which liability is predicated." <u>Caniglia v. Chicago Tribune-New York News Syndicate, Inc.</u>, 204 A.D.2d 233, 234 (1st Dep't 1994); and <u>Atkinson v. Mobil Oil Corp.</u>, 205 A.D.2d 719, 720 (2nd Dep't 1994)("In order to plead a breach of contract cause of action, a complaint must allege the provisions of the contract upon which the claim is based. The pleadings must be sufficiently particular to give the court and the parties notice of the transactions…intended to be proved as well as the material elements of each cause of action…").

The plaintiff's complaint makes a bare and general assertion that the plaintiff is entitled to a brokerage commission in the amount of 4% of the purchase price, a fair and customary value. Clearly, the plaintiff must have more specific personal knowledge of having been retained by one of the defendants. The entire complaint is devoid of reference to a specific contract. If the plaintiff is unable to establish that there was a valid contract between herself, the defendant brokers and/or any of the Moving Defendants, there can be no finding that there was a breach and therefore no finding of liability. Here, plaintiff's failure to plead a breach of contract with particularity is not simply a matter of inartful drafting. Rather, it is evidence that plaintiff simply does not possess a cause of action against the Moving Defendants. The complaint should therefore be dismissed with prejudice.

## POINT III.

### PLAINTIFF'S COMPLAINT IS FRIVOLOUS AND THE MOVING DEFENDANTS SHOULD THEREFORE BE AWARDED SANCTIONS PURSUANT TO RULE 11

Plaintiff's complaint against the Moving Defendants is nothing more than a baseless attempt to impose liability against the Moving Defendants due to the actions or inactions of other parties. Plaintiff's conduct in maintaining the instant lawsuit against the Moving Defendants is made even more egregious due to the fact that plaintiff's complaint even cites to the very statutory provision which so clearly proscribes the action. Therefore, the only purpose served by plaintiff's complaint is to force the Moving Defendants to incur legal fees to oppose an unsubstantiated and improper complaint.

The purpose of Rule 11 is to deter baseless filings and to curb abusive litigation. *See*, Levine v. County of Westchester, 164 F.R.D. 372, 34 Fed.R.Serv.3d 305 (S.D.N.Y. 1996); and Kirschner v. Zoning Board of Appeals of the Incorporated Village of Valley Stream, 159 F.R.D. 391 (E.D.N.Y. 1995). Indeed, Rule 11 "imposes an affirmative duty to conduct a reasonable inquiry into factual and legal viability of claims." Id. at 374, citing, Eastway Constr. Corp. v. New York, 762 F.2d 243, 253 (2nd Cir. 1985). Where the court finds that Rule 11 has been violated, it is "required to impose sanctions…" Estate of Calloway v. The Marvel Entertainment Group, 9 F.3d 237, 27 fed.R.Serv.3d 753 (2nd Cir. 1993).

Plaintiff's complaint as against the Moving Defendants is blatantly frivolous, particularly since the plaintiff even concedes in her pleadings that the Real Property Law of the State of New York forecloses an action by her against the Moving Defendants.

In accordance with the provisions of Rule 11, plaintiff, by letter and telephone, was placed on notice of the frivolous nature of the action. Moreover, the Moving Defendants

demanded that the action be voluntarily discontinued against them, in the hopes that the instant motion would be unnecessary. (See June 27, 2008, letter annexed hereto as Exhibit "D"). The plaintiff patently refused to voluntarily discontinue the action against the Moving Defendants and as a result, the instant motion was necessary and this Honorable Court has been burdened.

In addition to the possibility of sanctions, courts of the State of New York have found similar conduct by a licensed real estate salesperson to warrant revocation and/or suspension of his or her real estate salesperson's license. In Podolsky v. Cuomo, 52 N.Y.2d 1059, 420 N.E.2d 396, 438 N.Y.S.2d 515 (1981), the Court of Appeals held that where a real estate broker and salesperson initiated "demonstrably baseless lawsuits to recover commissions from alleged clients…" and where there was "substantial evidence indicating that petitioner wrongfully demanded commissions through baseless lawsuits in violation of section 442-a of the Real Property Law…there was adequate support for the conclusion that petitioners demonstrated untrustworthiness to act as real estate broker or salesperson." Accordingly, the decision of the Secretary of State to suspend the real estate broker and salesperson license of the petitioners was upheld. See, Real Property Law §441.

In light of these facts, plaintiff must be sanctioned under Fed.R.Civ.P. 11. Pursuant to Rule 11, the court may award to a party costs in the form of reasonable attorney's fees and related expenses incurred from the frivolous conduct. The amount of the attorney's fees and associated disbursements to be awarded as Rule 11 sanctions is calculated under the "lodestar" method, whereby the court, in its discretion, multiplies the number of hours reasonably expended on litigation by reasonable hourly rate, and the lodestar calculation is then adjusted upward or downward to arrive at the reasonable amount of the award. Kirschner, supra at 396.

The costs and attorneys' fees for the Moving Defendants in relation to the instant motion and plaintiff's refusal to voluntarily discontinue the frivolous complaint are as follows:

- Receipt and review of plaintiff's complaint and subject contract of sale. Telephone conference with plaintiff's counsel re: Rule 11 demand. Draft Rule 11 demand to plaintiff's counsel. Draft tender letter to seller Fischbein…………………………………………………………(1.7)

- Draft Notice of Appearance. Legal research RPL 442. Legal research FRCP Rule 12(b)(6) and 9(a)…………………………………..(2.6)

- Legal research sanctions for frivolous conduct. Draft Notice of Motion and Memorandum of Law in Support. Prepare motion exhibits………..………………………………………………………..(12.6)

- legal research re: sanctions for frivolous conduct; draft affirmation in opposition to plaintiffs' motion to restore; draft affirmation of service and prepare motion exhibits (2.3)

16.9 hours @ $275.00/ hour           =           $4,647.50

                    Total:           $4,647.50

For the foregoing reasons, the Moving Defendants request an award of sanctions in the amount of $4,647.50.

## **CONCLUSION**

By virtue of the foregoing, it is respectfully requested that the motion of defendants Partridge & Partridge Realty, Inc., Chris Partridge and Hewes Station, LLC, for an order dismissing the amended complaint filed against them herein be, in all respects, granted.

Dated: Melville, New York
July 3, 2008

Respectfully submitted,

KUSHNICK & ASSOCIATES, P.C.

By: __/s/ Craig H. Handler_____
Craig H. Handler, Esq. (CHH 2002)
Attorneys for the Moving Defendants
445 Broad Hollow Road, Suite 124
Melville, New York 11747
(631) 752-7100

**EXHIBIT A**

AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

| Southern | District of | New York |

AIDA MARKISIC,

**SUMMONS IN A CIVIL ACTION**

V.

THE YANKEE SYSTEMS, INC., JOSEPH
FISCHBEIN, PARTRIDGE & PARTRIDGE
REALTY CORP., CHRIS PARTRIDGE,
WESTERMAN, BALL, EDERER, MILLER
& SHARFSTEIN, LLP, PHILIP J. CAMPISI,
JR., ACME REALTY INC., ANTONIO HECTOR
AUGUSTI and HEWES STATION, LLC.

CASE NUMBER:    08-cv-05478 (SCR)

**JUDGE ROBINSON**

TO:    The Yankee Systems, Inc., 137 Starlight Road, Monticello, NY 12701
       Joseph Fischbein, 137 Starlight Road, Monticello, NY 12701
       Partridge & Partridge Realty Corp., 23-05 Astoria Boulevard, Astoria, NY 11102
       Chris Partridge, 23-05 Astoria Boulevard, Astoria, NY 11102
       Hewes Station, LLC, 23-08 Newtown Avenue, Suite 1B East, Long Island City, NY 11101
       Westerman, Ball, Ederer, Miller & Sharfstein LLP, 477 Madison Avenue, NY, NY 10022
       Philip J. Campisi, Jr., Esq., Westerman, Ball, Ederer, Miller & Sharfstein LLP, 477 Madison Avenue, NY, NY 10022
       Acme Realty Inc., 3297 23rd Street, Astoria, NY 11106
       Antonio Hector Augusti, 200 Whitehorn Drive, Miami Springs, FL 33166

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Orseck Law Offices PLLC
1924 State Route 42
P.O. Box 469
Liberty, NY 12754
(845) 292-5800

an answer to the complaint which is served on you with this summons, within ____20____ days after service
of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you
for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the
Clerk of this Court within a reasonable period of time after service.

/s/   J. Michael McMahon                                    June 18, 2008

_____                        _____
CLERK                                                      DATE
         /s/  Robert Rogers

(By) DEPUTY CLERK

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

AIDA MARKISIC,                                    Case No. 08-cv-05478

                    Plaintiff,        JUDGE ROBINSON

      -against-                              MAGISTRATE SMITH

THE YANKEE SYSTEMS, INC., JOSEPH
FISCHBEIN, PARTRIDGE & PARTRIDGE
REALTY CORP., CHRIS PARTRIDGE,
WESTERMAN, BALL, EDERER, MILLER
& SHARFSTEIN, LLP, PHILIP J. CAMPISI,
JR., ACME REALTY INC., ANTONIO HECTOR
AUGUSTI and HEWES STATION, LLC,

                  Defendants.

-------------------------------------------------------------X

### AMENDED COMPLAINT

#### I.    THE PARTIES

##### A.    The Plaintiff

1.    Plaintiff Aida Markisic (hereafter "Aida") is a citizen of and resides at 14 Bloomfield Drive, Fairfield, Connecticut 06825.

##### B.    The Defendants

2(a).    Defendant The Yankee Systems, Inc. (hereafter Yankee Systems) is a New York corporation having its principal place of business at 137 Starlight Road, Monticello, New York, within the Southern District of New York.

(b).    Defendant Joseph Fischbein (hereafter Fischbein) is a principal of defendant Yankee Systems, and is a citizen of and resides at 137 Starlight Road, Monticello, Sullivan County, New York, within the Southern District of New York.

1

3(a).    Defendant Partridge & Partridge Realty Corp. (hereafter Partridge Realty) is a New York corporation having a place of business at 23-05 Astoria Boulevard, Astoria, New York.

(b).    Defendant Chris Partridge (hereafter Partridge) is a principal of defendant Partridge Realty and has a place of business at 23-05 Astoria Boulevard, Astoria, New York and, upon information and belief, is a citizen of and resides in the State of New York.

4(a).    Defendant Hewes Station, LLC (hereafter Hewes Station) is a New York limited liability company having a place of business at 23-08 Newtown Avenue, Suite 1B East, Long Island City, New York.

(b).    Defendant Partridge is a principal of defendant Hewes Station.

5(a).    Defendant Westerman, Ball, Ederer, Miller & Sharfstein, LLP (hereafter Westerman Ball) is a New York limited liability law partnership having a place of business at 477 Madison Avenue, New York, New York, within the Southern District of New York.

(b).    Defendant Philip J. Campisi, Jr. (hereafter Campisi) is an attorney-at-law, so licensed in the State of New York and, upon information and belief, and at the times complained of herein, was a partner and/or associate of defendant Westerman Ball and is a citizen of and resides in the State of New York.

6(a).    Defendant Acme Realty Inc. (hereafter Acme) is a New York corporation, having a place of business at 2397 23rd Street, Astoria, New York.

2

(b).    Defendant Antonio Hector Augusti (hereafter Augusti) is a principal of defendant Acme Realty Inc., is a citizen of and resides at 200 Whitehorn Drive, Miami Springs, in the State of Florida 33166.

## II.    JURISDICTION

7.    Jurisdiction in this action is in accordance with 28 USC 1332(a) in that (a) the matter in controversy exceeds the sum of $75,000 exclusive of interest and costs; and (b) the action is between "citizens of different States . . . ."

## III.    VENUE

8.    Venue is properly within the Southern District of New York in accordance with 28 USC 1391(a), the Southern District of New York being "a judicial district in which any defendant resides," in that defendant Fischbein resides within the Southern District of New York, and defendant Yankee Systems has its principal place of business within the Southern District of New York, and defendant Westerman has a place of business within the Southern District of New York.

## IV.    RELATIONSHIP OF THE PARTIES

9.    From at least 2000 to the present time, Aida has been a New York State real estate salesperson, license #40MA0910404.

10.    That heretofore and during the years 2000 or 2002, Aida was associated with Kelly & Amal, Inc., then a New York licensed real estate broker, transacting a real estate brokerage business under the ReMax trade name.

11.    That in early April 2001, one Refik Radonic, who then owned property on 21st Street in Astoria, Queens, New York, asked Aida to find another property or properties on 21st Street where he could build residential or condominium apartments. In making such investigation, Aida located property on 21st Street then owned by defendant Yankee and its sole stockholder and officer, defendant Fischbein.

3

12.     Aida contacted defendant Fischbein, advised him that she was a real estate salesperson, and asked him if he wanted to sell his property on 21st Street, which property is part of the subject matter of this action; that she represented a potential buyer. Fischbein advised plaintiff that the property was leased to a tenant -- Exxon/Humble Oil; that he would try to buy back the lease; that there may have been some petroleum product pollution which would have to be dealt with.  That property, referred to as the "subject property" is that parcel located at the northwest corner of 21st Street, Astoria, Queens, also known as 26-36 27th Avenue, Block 885, Lots 1 & 3.

13.     Defendant Fischbein advised Aida that he would sell the subject property to Aida's buyer for $1,500,000.

14.     Aida then transmitted the offer to Radonic, who rejected the offer as too high a price.

15.     Thereafter, and on or about late 2002 or early 2003, the plaintiff terminated her affiliation with Kelly & Amal and became affiliated as a salesperson for defendant Acme Realty, of which defendant Augusti was the controlling equity owner and principal, both Acme and Augusti then being New York licensed real estate brokers.

16.     Aida thereafter advised Fischbein that she was then affiliated with Acme, which would be the broker of record, and remained in constant contact with defendant Fischbein regarding the sale of the subject property during which time, having discussed the matter with her, but without Aida's participation, Fischbein sold a parcel of property across the street from the subject property to a mosque.

17.     Thereafter, and some time in 2003, Aida obtained listings from one non-party "Joe," a homeowner adjoining the subject gas station property, to sell his property for the sum of $450,000.  Aida also then obtained a listing from another nearby property

4

owner, non-party Keson, for $550,000, which listing resulted in a contract presently pending closing.

18.     Fischbein advised Aida that he wanted to buy the "Joe" property and the Keson property for a total of $850,000, which offer was passed onto "Joe" and Keson and rejected.

19.     Aida obtained another buyer, non-party Ridwan Kabir, who purchased the "Joe" and Keson properties collectively for $1,000,000, Aida having been the successful broker with respect thereto.

20.     Thereafter, Kabir sold his property to William Park, who introduced Aida to Partridge during the summer of 2004, at Partridge's office at 23-08 Newtown Avenue, Long Island City.

21.     Partridge was very interested in purchasing the Fischbein/Yankee gas station property and requested that Aida try to arrange a purchase by him of the subject property from Fischbein/Yankee.

22.     In any event, all during 2002-2004, Aida continued to speak to Fischbein concerning the gas station property which is the subject of this action; that after meeting Partridge as aforesaid, Aida was in frequent communication with both Partridge and Fischbein, attempting to structure a deal between them for the sale of the subject property to Partridge.

23.     Fischbein initially asked for $3.8 million and Partridge agreed. Immediately thereafter, Fischbein advised Aida that he changed in mind -- he wanted $4.2 million.    While Aida was at Partridge's office, Partridge and Aida spoke to Fischbein on the speakerphone, during which conversation Fischbein asked for $4.2 million and Partridge agreed to pay that price.

5

24.    Partridge then wrote a check in the sum of $400,000 (Exh A) as the prospective contract deposit, to his own name and handed the check to Aida, to be endorsed by Partridge and paid over to Fischbein upon the signing of a contract. Thereafter, Fischbein advised Aida that he now wanted $4.5 million.

25.    Aida received a telephone call from Partridge requesting that she come to his office. She went to his office and he showed her a contract between Partridge Realty and Fischbein/Yankee, for the sum of $4.5 million, more or less. A rider to it stated there was "no broker," notwithstanding the fact that Aida had advised Fischbein and Partridge that Acme/Augusti were the brokers, that she was the salesperson, and were entitled to a commission of 4%. Partridge told Aida that 4% was "too much." Partridge then advised that Fischbein would only pay $5,000. Aida attempted to call Fischbein but Fischbein would not take her calls.

26.    Subsequently, Partridge advised Aida that he was about to go to Florida but he wanted to get the brokerage matter resolved so that he could close. He advised her that he [Partridge and Partridge Realty] would pay $25,000 toward her commission and that Fischbein would pay $5,000 in addition. Aida insisted on the 4% which was $180,000. Thereafter, Partridge advised Aida that he would see to it that she was paid $65,000 which Aida refused.

27.    Partridge, a licensed real estate broker himself, acknowledged and agreed, specifically, to and with Aida: (a) that she introduced the parties to each other; (b) that through her efforts, the parties agreed to the specific terms of a contract; (c) that the contract was signed; (d) that she was entitled to a commission; and (e) that he would see to it that she was paid a fair commission.

6

28.    Thereafter, Aida's brother was seriously injured in an accident and for a time thereafter, defendant Augusti continued negotiations with Fischbein/Yankee and Partridge concerning Aida's entitlement to a commission with respect to the subject transaction.

29.    Aida had tape recorded conversations with Partridge and Fischbein and had obtained an executed binder from Partridge, the possession of which was entrusted to defendant Augusti.

30.    In the interim, and on or about October 20, 2005, Fischbein, as its sole stockholder, officer and director, caused Yankee Systems to sell the subject premises to Partridge, Partridge taking title in the name of an LLC formed by him named Hewes Station LLC, for the sum of $4.5 million, or more, the exact amount not presently known by Aida. That in addition thereto, and upon information and belief, Partridge/Hewes Station paid Fischbein/Yankee Systems $9,000 per month for an unknown number of months prior to and subsequent to the closing.

31.    That as a result of the foregoing, Augusti, Acme and Aida retained attorney defendant Campisi and his firm, defendant Westerman Ball, to commence an action to recover the agreed commission of $180,000, being 4% of the purchase price of $4.5 million.

32.    At the meeting between Augusti, Aida and Campisi, Aida turned over to Campisi her taped telephone conversations with Partridge, and taped conversations between Augusti and Partridage. The tapes were played and discussed with Campisi. Copies of the $400,000 check given to Aida by Partridge, together with the signed binder agreement, and together with a letter addressed to Fischbein, written by Augusti and signed by Aida, a copy of which is annexed as Exh B, were also turned over to Campisi at the time.

7

33.    That thereafter, defendants August and Campisi refused to communicate with Aida in any manner or form.

**AS AND FOR A FIRST CAUSE OF ACTION
ON BEHALF OF ACME AND AUGUSTI
FOR THE BENEFIT OF AIDA AGAINST
DEFENDANTS YANKEE SYSTEMS, FISCHBEIN,
PARTRIDGE, PARTRIDGE REALTY AND
HEWES STATION FOR NON-PAYMENT OF
EARNED BROKERAGE COMMISSION**

34.    As a result of all of the foregoing, and on behalf of her real estate broker association with Acme and Augusti, Aida successfully brokered the real estate transaction wherein and whereby Fischbein/Yankee Systems sold the subject premises to Partridge/Partridge Realty/Hewes Station for at least $4,500,000, thereby entitling Acme and Augusti to a brokerage commission, the agreed and fair and customary value of which is 4% of the purchase price, being the sum of $180,000.

35.    That with respect to this cause of action, and this cause of action only, defendants Acme and Augusti are named as defendants in accordance with FRCP 19 because they refuse to join this action as plaintiffs and are necessary parties hereto in that New York Real Property Law 442-a provides that a licensed real estate salesperson may not seek recovery for any services provided by such salesperson such right to collection being only within the province of "a duly licensed real estate broker with whom [the salesperson is] associates . . . ," such salesperson being Aida and such duly licensed real estate broker being Augusti and Acme.

8

**AS AND FOR A SECOND CAUSE OF ACTION**
**ON BEHALF OF AIDA AS AGAINST DEFENDANTS**
**ACME/AUGUSTI FOR AIDA'S 80% SHARE**
**OF BROKERAGE COMMISSION**

36.    As a licensed real estate salesperson and Acme/Augusti as a licensed real estate broker, Acme/Augusti were to pay Aida 80% thereof as had been paid in each transaction theretofore brokered by Aida.

37.    That upon recovery by Acme/Augusti of the commissions referred to in the First Cause of Action, Aida is entitled to a judgment against Acme/Augusti for 80% of the amount of such recovery.

38.    That this Second Cause of Action constitutes a collision and antagonistic relationship between Aida on one hand, and Acme and Augusti, on the other hand.

**AS AND FOR A THIRD CAUSE OF ACTION**
**ON BEHALF OF AIDA AS AGAINST DEFENDANTS**
**ACME/AUGUSTI, A SUM EQUIVALENT TO**
**80% OF COMMISSION RECEIVED BY**
**ACME/AUGUSTI**

39.    That predicated upon the refusal of Acme/Augusti to communicate with Aida, Acme/Augusti may have received the subject commission from Partridge/Partridge Realty/Hewes Station and Fischbein/Yankee Systems.

40.    That if this proves to be the case, then Aida is entitled to recover from Acme/Augusti 80% thereof, providing that the settlement of the amount of the commission received by Acme/Augusti is fair and reasonable.

41.    That this Third Cause of Action constitutes a collision and antagonistic relationship between Aida on one hand, and Acme and Augusti, on the other hand.

9

## AS AND FOR A FOURTH CAUSE OF ACTION
## ON BEHALF OF AIDA AS AGAINST DEFENDANTS
## WESTERMAN BALL AND CAMPISI

42.    That in the event the payment of the commission from the defendants as described in the First Cause of Action was collected by defendants Westerman Ball and Campisi, then and in that event, since Campisi and his law firm Westerman Ball were retained by Aida, then Campisi and Westerman Ball are liable to Aida for 80% of the amount received.

## AS AND FOR A FIFTH CAUSE OF ACTION
## ON BEHALF OF AIDA AS AGAINST DEFENDANTS
## WESTERMAN BALL AND CAMPISI, A SUM
## EQUIVALENT TO 80% OF COMMISSION
## RECEIVED BY ACME/AUGUSTI

43.    That the failure of Campisi and Westerman Ball to prosecute the claims of Acme/Augusti and Aida for commissions from the other defendants as more fully described hereinabove, particularly in the First Cause of Action, constituted legal malpractice, the results of which damaged Aida in an amount equivalent to 80% of the commission to which Acme/Augusti was otherwise entitled.

WHEREFORE, Aida demands judgment against the defendants as follows:

In the First Cause of Action on behalf of Acme and Augusti for the benefit of Aida against defendants Yankee Systems, Fischbein, Partridge, Partridge Realty and Hewes Station, for non-payment of earned brokerage commission, the sum of $180,000.

In the Second Cause of Action on behalf of Aida against defendants Acme/Augusti, for Aida's 80% share of brokerage commission.

In the Third Cause of Action on behalf of Aida against defendants Acme/Augusti, a sum equivalent to 80% of commission received by Acme/Augusti.

In the Fourth Cause of Action on behalf of Aida against defendants Westerman Ball and Campisi, a sum equivalent to 80% of commission received by Acme/Augusti.

In the Fifth Cause of Action on behalf of Aida against defendants Westerman Ball and Campisi, a sum equivalent to 80% of commission received by Acme/Augusti, all with interest from October 20, 2005, and with the costs and disbursements of this action.

Dated: June 19, 2008
   Liberty, New York

       Yours, etc.

       ORSECK LAW OFFICES PLLC

       By: _____

        GERALD ORSECK (GO9913)
       Attorneys for Plaintiff
       1924 State Route 52, P.O. Box 469
       Liberty, NY  12754
       (845) 292-5800

## JURY DEMAND

PLEASE TAKE NOTICE that plaintiff demands trial by jury.

Dated: June 19, 2008
   Liberty, New York

       Yours, etc.

       ORSECK LAW OFFICES PLLC

       By: _____

        GERALD ORSECK (GO9913)
       Attorneys for Plaintiff
       1924 State Route 52, P.O. Box 469
       Liberty, NY  12754
       (845) 292-5800

CHRIS PARTRIDGE
CARMEN PARTRIDGE
23-36 NEWTOWN AVE., SUITE 1B-EAST
LONG ISLAND CITY, NY 11102

INDEPENDENCE COMMUNITY BANK
LONG ISLAND CITY, NY 11103
1-7121-2260

1051

PAY TO
THE ORDER **Chris Partridge**
OF

Date **8/5/2004**

$ **400,000.00**

**Four Hundred Thousand and 00/100**************************************************************************** DOLLARS

Good Faith Deposit 21 St & Ast Blvd

⑆226071211⑆ 0146071683⑈ 1051

December 7, 2003

Dear Mr. Fishbein,

Hi its Aida. Just following up on our conversation and as you asked, I'm sending you a card with my new office number and address.

As we discussed, I have the two properties ajoining your gas station sold and in contract. I have those buyers and some others interested in the property because of the large tract of land.

Feel free to call
me on my cell or office
numbers anytime, so we
can speak more on this.

Cordially Yours,

**EXHIBIT  B**



New York Department of State                                                                 Logon

## Search Results List

Press "Back" to return to the previous screen.

Press "New Search" to start new search.

| Search Criteria | Search By Name | | | |
|---|---|---|---|---|
| Organization Name: | ACME Realty Inc. | | | |
| **Name** | **License Number** | **License Type** | **Status** | **Expiry Date** |
| | No results matched your search criteria. | | | |

| Site Map | Privacy Policy | Accessibility Policy | Contact Us |





New York Department of State

Logon

### Search Results List

Press "Back" to return to the previous screen.

Press "New Search" to start new search.

| Search Criteria | Search By Name | | | |
|---|---|---|---|---|
| Last Name: | **Augusti** | | | |
| First Name: | **Antonio** | | | |
| **Name** | **License Number** | **License Type** | **Status** | **Expiry Date** |
| | No results matched your search criteria. | | | |

| Site Map | Privacy Policy | Accessibility Policy | Contact Us |

**EXHIBIT C**

# NYS Department of State

## Division of Corporations

## Entity Information

Selected Entity Name: ACME REALTY INC.

Selected Entity Status Information

**Current Entity Name:** ACME REALTY INC.

**Initial DOS Filing Date:** AUGUST 04, 1995

**County:** KINGS

**Jurisdiction:** NEW YORK

**Entity Type:** DOMESTIC BUSINESS CORPORATION

**Current Entity Status:** ACTIVE

Selected Entity Address Information

**DOS Process (Address to which DOS will mail process if accepted on behalf of the entity)**

% I OBERLANDER
126 HEWES ST
BROOKLYN, NEW YORK, 11211

**Registered Agent**

NONE

NOTE: New York State does not issue organizational identification numbers.

Search Results   New Search

Division of Corporations, State Records and UCC Home Page   NYS Department of State Home Page

**EXHIBIT  D**

# KUSHNICK & ASSOCIATES, P.C.

ATTORNEYS AT LAW

445 BROAD HOLLOW ROAD • SUITE 124

MELVILLE, NEW YORK 11747

TEL: (631) 752-7100

FAX: (631) 777-7732

LAWRENCE A. KUSHNICK
CRAIG H. HANDLER
VINCENT T. PALLACI
LIDIA D. SZCZEPANOWSKI

LEGAL ASSISTANT
MARY E. McNULTY

June 27, 2007

**_VIA FACSIMILE & REGULAR MAIL_**

Orseck Law Offices PLLC
Attn.: Jerry Orseck, Esq.
1924 State Route 42
P.O. Box 469
Liberty, New York 12754

Re:    Aida Markisic v. The Yankee Systems, Inc., et als.

Dear Mr. Orseck:

Confirming our telephone conversation, this office represents the interests of Partridge & Partridge Realty Corp., Chris Partridge and Hewes Station, LLC (hereinafter referred to as the "Partridge defendants"), in connection with the above-captioned matter. As you are well aware, your client's claim against the Partridge defendants is entirely devoid of legal merit and precluded by, among other things, New York State Real Property Law § 442. Accordingly, this constitutes formal notice, as well as, a good-faith demand for a voluntary discontinuance pursuant to Rule 11 of the Federal Rules of Civil Procedure. Be advised that in the event of your failure to immediately comply with this demand, due to the blatantly frivolous nature of plaintiff's claims, the Partridge defendants have directed this office to seek sanctions to the fullest extent afforded by law.

Please be guided accordingly.

Very truly yours,

KUSHNICK & ASSOCIATES, P.C.

Craig H. Handler, Esq.

CHH/ns
cc:
Chris Partridge

```
*************************************************************************
*                          TRANSACTION REPORT                         *  P. 01
*                                                                      *
*                                                       JUN-27-2008 FRI 11:52 AM
*     FOR:  LAW OFFICES                16317777732                     *
*----------------------------------------------------------------------*
*     SEND                                                             *
*                                                                      *
*   DATE  START   RECEIVER        TX TIME  PAGES TYPE      NOTE    M#  DP *
*----------------------------------------------------------------------*
*   JUN-27 11:52 AM 18452926749      23"     2  FAX TX     OK       465  *
*----------------------------------------------------------------------*
*                                     TOTAL :        23S  PAGES:   2   *
*************************************************************************
```

# FAX TRANSMISSION

**KUSHNICK & ASSOCIATES, P.C.**
445 Broad Hollow Road
Melville, NY 11747
631-752-7100
Fax: 631-777-7732

**To:** Jerry Orseck, Esq.          **Date:** June 27, 2007

**Fax #:** 845-292-6749          **Pages:** 2,  including this cover sheet.

**From:** Craig H. Handler, Esq.

**Subject:** Aida Markisic v. The Yankee Systems, Inc., et als.

Dear Mr. Orseck:

Please see the attached.

Thank you.

cc:    (718) 278-7449
       Chris Partridge

Confidentiality Note: This information transmitted in this facsimile message is sent by an attorney or his/her agent, is intended to be confidential and for the use of only the individual or entity named above. If the recipient is a client, this message may also be for the purpose of rendering legal advice and thereby privileged. If the reader of this message is not the intended recipient, you are hereby notified that any retention, dissemination, distribution or copy of this attorney is strictly prohibited. If you have received this facsimile in error, please immediately notify us by telephone and return the original message to us at the address above via mail, for which cost we will reimburse. Thank You.

STATE OF NEW YORK, COUNTY OF SUFFOLK) ss.:

     Craig H. Handler, being duly sworn, deposes and says:

     That I am not a party to this action, am over the age of 18 years and reside at Suffolk County, New York.

     That on the 3rd day of July, 2008, I served the within:

     NOTICE OF MOTION, MEMORANDUM OF LAW WITH SUPPORTING EXHIBITS

by depositing a true copy thereof enclosed in a post-paid wrapper, in an official depository under the exclusive care and custody of the United States Postal Service within the State of New York, addressed to each of the following persons at the last known address set forth after each name:

Orseck Law Offices PLLC
Attorneys for Plaintiff, **Aida Markisic**
1924 State Route 42
P.O.Box 469
Liberty, NY  12754

**The Yankee Systems, Inc.**
137 Starlight Road
Monticello, NY 12701

**Joseph Fischbein**
137 Starlight Road
Monticello, NY 12701

**Westerman, Ball, Ederer, Miller & Sharfstein LLP**
477 Madison Avenue
New York, NY 10022

**Philip J. Campisi, Jr.**
Westerman, Ball, Ederer, Miller & Sharfstein LLP
477 Madison Avenue
New York, NY 10022

**ACME Realty Inc.**
3297 23rd Street
Astoria, NY 11106

**Antonio Hector Augusti**
200 Whitehorn Drive
Miami Springs, FL 33166

                                /s/
                              Craig H. Handler

Sworn to before me
on the   3rd  day of July, 2008

     /s/
       Notary Public