UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
AIDA MARKISIC,

                     Plaintiff,

          -against-

THE YANKEE SYSTEMS, INC., JOSEPH
FISCHBEIN, PARTRIDGE & PARTRIDGE
REALTY CORP., CHRIS PARTRIDGE,
WESTERMAN, BALL, EDERER, MILLER
& SHARFSTEIN, LLP, PHILIP J. CAMPISI,
JR., ACME REALTY INC., ANTONIO HECTOR
AUGUSTI and HEWES STATION, LLC,

                  Defendants.

-----------------------------------------------------------------X

Case No.  08-cv-05478

JUDGE ROBINSON

MAGISTRATE SMITH

# PLAINTIFF'S MEMORANDUM OF LAW
## IN OPPOSITION TO MOTION BY
### DEFENDANTS PARTRIDGE & PARTRIDGE REALTY CORP.,
### CHRIS PARTRIDGE AND HEWES STATION LLC
### TO DISMISS COMPLAINT FOR FAILURE TO STATE A CLAIM

Gerald Orseck,
Of Counsel

                    ORSECK LAW OFFICES PLLC
                    Attorneys for Plaintiff
                    1924 State Route 52, P.O. Box 469
                    Liberty, NY  12754
                    (845) 292-5800

# TABLE OF CONTENTS

Page

I.      INTRODUCTORY STATEMENT........................................... 1

II.     THE FACTS AS VIEWED IN THE PROPER LIGHT......... 2

      A.      Substantive Facts............................................... 2
      B.      Procedural Facts................................................ 4
      C.      Questions Presented Upon This Motion...................... 4

III.    ARGUMENT........................................................... 5

      POINT I............................................................... 5

            Acme Realty/Augusti, Licensed Real
            Estate Brokers, Have Earned And Are
            Entitled To A Commission With Respect
            To The Partridge/Fischbein Transaction.
            Indeed, Defendant Partridge So
            Acknowledged................................................ 5

      POINT II.............................................................. 6

            Acme Realty and Augusti, New York Licensed
            Real Estate Brokers With Whom Aida, As A
            Licensed Salesperson Was Associated, Are
            Necessary Parties To This Action.................................. 6

      POINT III.............................................................. 7

            Defendant Acme Realty Corp. Should Not Be
            Realigned By This Court As A Plaintiff Because
            Aida Has A Real Claim Against Acme And There
            Is A "Collision Of Interests" Between Them.
            *Maryland Casualty Co. v. W.R. Grace and Co.,*
            *23 F3d 617 (2nd Cir 1993)*................................ 7

Page

POINT IV...................................................................................    10

    Partridges' Application For Rule 11 Sanctions
    Is Frivolous, Has Not Been Properly Asserted
    Even If It Had Not Been Frivolous, And Is In
    And Of Itself Sanctionable............................................    10

IV.    CONCLUSION..........................................................................    11

    The Partridge defendants' motion to dismiss
    the First Cause of Action should be denied.
    The Partridge defendants' motion for *Rule 11*
    sanctions should be denied, and instead, it is
    respectfully suggested that the Court consider
    an award of sanctions against the Partridge
    defendants.......................................................................    11

# TABLE OF AUTHORITIES

**Case**                                                                    **Page**

*Brass v. American Film Technologies, Inc.,*
987 F2d 142 (2nd Cir 1993).................................................................    1

*Gronich & Co., Inc. v. 649 Broadway Equities Co., Inc.,*
169 AD2d 600 (1st Dept 1991).............................................................    5, 6

*IUE AFL-CIO Pension Fund v. Herrmann,*
9 F3d 1049 (2nd Cir 1993)..................................................................    1

*Federal Ins. Co. v. Tyco International Ltd.,*
422 FSupp2d 357 (SDNY 2006)...........................................................    10

*Liberty Mutual Ins. Co. v. N. Picco & Sons Contracting Co., Inc.*
(SDNY 2008), 2008 WL 190310...........................................................    1

*Maryland Casualty Co. v. W.R. Grace and Co.,*
23 F3d 617 (2nd Cir 1993)..................................................................    7, 8, 9, 10

*Mills v. Polar Molecular Corp.,*
12 F3d 1170 (2nd Cir 1993)................................................................    1, 2

*Moors v. Hall,*
143 AD2d 336 (2nd Dept 1988)...........................................................    6

*Park-Hayden, Inc. v. Loews Theatre Management Corp.,*
(SDNY 1993), 1993 WL 287815............................................................    6

*PKG Associates, Inc. v. Dubb,*
306 AD2d 333 (2nd Dept 2003)............................................................    6

*Provenance Media Group LLC v. Alibraheem,*
(SDNY 2007), 2007 WL 2701978.........................................................    10

*Sira v. Morton,*
380 F3d 57 (2nd Cir 2004)..................................................................    1

| **Statute** | **Page** |
|---|---|
| *FRCP 10(c)* | 1 |
| *FRCP 11* | 11 |
| *FRCP 11(c)(1)(A)* | 10 |
| *FRCP 12(b)(6)* | 1 |
| *FRCP 19* | 9 |
| *FRCP 19(a)(1)(A),(B)(i)* | 7 |
| *FRCP 19(a)(2)* | 4, 5, 8 |
| *New York Real Property Law 442-a* | 4, 8 |

# I.    INTRODUCTORY STATEMENT

This case is about non-payment of commissions earned by a broker in effectuating a $4.5 million real estate transaction. It is also about a real estate salesperson's claims against her broker for her share of the commissions earned through years of work on the subject transaction.

Defendants Partridge & Partridge Realty Corp., Chris Partridge and Hewes Station LLC (hereafter sometimes referred to collectively as "Partridge"), the purchasers of the subject property, move to dismiss the amended complaint, contending that plaintiff's "First Cause of Action" fails to state a cause of action. Partridge's motion papers abjectly circumvent the rule that under *FRCP 12(b)(6)*, the Court will

> "accept as true the factual allegations of the complaint, and draw all inferences in favor of the pleader." *Mills v. Polar Molecular Corp., 12 F3d 1170, 1174 (2nd Cir 1993)* (citing *IUE AFL-CIO Pension Fund v. Herrmann, 9 F3d 1049, 1052 (2nd Cir 1993)* . . . . When determining the sufficiency of plaintiff's complaint for *Rule 12(b) (6)* purposes, this Court must limit its consideration to (1) the factual allegations in plaintiffs' amended complaint, which must be accepted as true, (2) documents attached to the complaint as exhibits or incorporated in it by reference, (3) matters of which judicial notice may be taken, and (4) documents either in plaintiffs' possession or of which plaintiffs had knowledge and relied on in bringing suit. . . . *Brass v. American Film Technologies, Inc., 987 F3d 142, 150 (2nd Cir 1993)*. The complaint includes any written instrument attached to it as an exhibit, see, *Federal Rule of Civil Procedure 10(c)*, materials incorporated in it by reference, *see* and other documents that are "integral" to the complaint even if they are not incorporated by reference . . . . *Sira v. Morton, 380 F3d 57, 67 (2nd Cir 2004)*."
>
> *Liberty Mutual Ins. Co. v. N. Picco & Sons Contracting Co., Inc. (SDNY 2008), 2008 WL 190310.*

1

## II.    THE FACTS AS VIEWED IN THE PROPER LIGHT

The Partridge defendants ignore the rules just stated, and inappropriately color their motion with mischaracterizations of the amended complaint as "a 'scattergun' attempt to impose liability" (Partridge Memorandum, p. 1), "a confusing web of allegations" (Partridge Memorandum, p. 2), "scattergun and unsupported method of pleading" (Partridge Memorandum, p. 9), "smattering of ambiguous allegations" (Partridge Memorandum, p. 9).

In the proper light, and in "accept[ing] as true the factual allegations of the complaint, and draw[ing] all inferences in favor of the pleader," *Mills v. Polar Molecular Corp., 12 F3d at 1174*, the facts are straightforward, clear and as follows:

### A.    Substantive Facts

1.    From the year 2000 to the present, plaintiff Aida Markisic (hereafter Aida), has been a New York licensed real estate salesperson. (Amended Complaint (hereafter "Complaint") ¶9).

2.    In April 2001 (Complaint ¶11), Aida contacted defendant Fischbein and asked him if he wanted to sell the real property, which property is the subject of this action, to her potential buyer, one Radonic (Complaint, ¶11), on 21st Street in Astoria, New York. (Complaint ¶12).

3.    Fischbein is a principal of defendant The Yankee Systems, Inc. (Complaint ¶¶2(a), (b)), which was the then record owner of the subject premises. (Complaint ¶30).

4.    Fischbein advised Aida that he would sell the property for $1,500,000 (Complaint ¶13). Radonic rejected this offer to sell "as too high a price." (Complaint ¶14).

5.    Just prior to December 7, 2003, Aida told Fischbein that she had changed her affiliation, formerly with non-party Kelly & Amal, Inc., a New York licensed real estate broker to defendants Acme Realty Inc. and its principal Antonio Hector Augusti, also a licensed real estate broker. (Complaint ¶¶15, 16, Exh B).

2

6.  Aida remained in frequent contact with Fischbein with respect to both the
    subject property and other properties. (Complaint ¶¶18, 22).

7.  During the summer of 2004, Aida was introduced to defendant Partridge at
    Partridge's office in Long Island City (Complaint ¶20). Partridge is a
    principal of defendants Partridge & Partridge Realty Corp. and Hewes
    Station LLC). (Complaint ¶¶ 3, 4).

8.  Thereafter, Aida was in frequent communication with both Partridge and
    Fischbein, attempting to structure a deal between them for the sale of the
    subject property to Partridge. (Complaint ¶22).

9.  Through Aida, Partridge and Fischbein negotiated toward agreeing on a
    price for such sale. (Complaint ¶¶22, 23).

10. On a three-way telephone conference -- Fischbein, Partridge and Aida
    (Aida then being in Partridge's office on speakerphone) -- Fischbein asked
    for $4.2 million and Partridge agreed. (Complaint ¶23). On that date,
    August 5, 2004, Partridge cut a check to his own order in the sum of
    $400,000, with a notation "good faith deposit 21st Street & Astoria Blvd"
    (Complaint ¶24; Exh A to Complaint). He handed the check to Aida,
    which he would endorse over to Fischbein "upon the signing of a
    contract." (Complaint ¶24).

11. Fischbein backed out of the contract, and then got Partridge to agree to
    pay $4.5 million instead of $4.2 million. (Complaint ¶25).

12. Thereafter, Partridge called Aida to his office; showed her a contract
    between Partridge and Fischbein/Yankee for a price in excess of $4.5
    million. Significantly, "a rider to it stated there was "no broker,""
    notwithstanding the fact that Aida had advised Fischbein and Partridge
    that Acme/Augusti was the broker, that she was the salesperson, and were
    entitled to a brokerage commission of 4%. (Complaint ¶25).

13. Partridge advised Aida that Partridge would pay $25,000 toward the
    commission and "that Fischbein would pay $5,000 in addition." Aida
    insisted upon the 4% -- being $180,000. Partridge then agreed to pay
    $65,000 which Aida refused. (Complaint ¶26).

14. Partridge agreed that a commission was earned, and that he would see to it
    that Aida "was paid a fair commission." (Complaint ¶27).

15. On October 25, 2005, Fischbein caused his solely owned company,
    Yankee, to sell the subject premises to Partridge, taking title in the
    name of Hewes Station LLC, formed by Partridge for that purpose.
    (Complaint ¶30).

### B.    Procedural Facts

1.    Subsequently, and after the October 25, 2005 closing, defendants Augusti and Acme consulted defendant attorneys Philip J. Campisi and his firm Westerman, Ball, Ederer, Miller & Sharfstein, LLP (hereafter "Westerman, Ball") to collect the commission earned by Acme/Augusti through their salesperson Aida, as hereinabove pleaded in detail. (Complaint ¶31).

2.    Thereafter, the defendants Augusti and Campisi/Westerman, Ball "refused to communicate with Aida in any manner or form." (Complaint ¶33).

3.    That with respect to Aida's First Cause of Action, and with respect to this cause of action only, defendants Acme and Augusti are named as defendants in accordance with *FRCP 19(a)(2)* because they refuse to join this action as plaintiffs and are necessary parties hereto. *New York Real Property Law 442-a* provides that a licensed real estate salesperson may not seek recovery for any services provided by such salesperson, such right to collection being only within the province of "a duly licensed real estate broker with whom [the salesperson is] associated . . . ." Here, such salesperson is Aida, and such duly licensed real estate brokers are Augusti and Acme. (Complaint ¶35).

4.    In her Second and Third Causes of Action (Complaint ¶¶36-42), Aida seeks money damages against defendants Acme Realty and August for 80% of the commission recovered, or to be recovered, by Acme Realty/Augusti from the Partridge defendants.

5.    (Aida also makes claims in this action seeking money damages against Campisi/Westerman, Ball attorneys for legal malpractice. These causes of action are set forth in the Fourth and Fifth Causes of Action (Complaint ¶¶42-43), and are unrelated to the Partridge defendants' subject motion to dismiss.)

### C.    Questions Presented Upon This Motion

**Question 1.**    Should defendant Acme Realty, a New York corporation, joined as a defendant in this action pursuant to *FRCP 19(a)(2)* because it is a necessary party and refuses to join as a plaintiff, be realigned by the Court as a plaintiff?

4

**Answer.**   No. There is a "collision of interests" between plaintiff Aida and defendant Acme Realty. Aida seeks money damages from Acme. (Complaint ¶¶36-41).

The Partridge defendants contend that Acme Realty should be realigned by the Court as a plaintiff, which would destroy diversity of citizenship because Acme Realty and the Partridge defendants are all residents of the State of New York.

**Question 2.**   Does the Complaint state a cause of action on behalf of Acme Realty and Augusti, licensed New York real estate brokers, against the Partridge defendants (and for that matter, against the Fischbein defendants) for non-payment of earned commissions with respect to the Fischbein/Yankee sale of the Astoria property to the Partridge defendants for $4.5 million?

**Answer.**   Yes. Acme/Augusti, through the services of its real estate salesperson, Aida, were the procuring cause of the transaction in that they created an amicable atmosphere in which the negotiations went forward and that they generated a chain of circumstances which promptly led to the sale.

The Partridge defendants do not question this fact; they contend merely that Aida has no standing to sue Partridge because she is a mere "salesperson" as distinguished from a "real estate broker." However, Aida is not suing Partridge; under *Rule 19(a)(2)*, she is compelling Acme/Augusti to sue both Partridge and Fischbein in her First Cause of action.

## III.    ARGUMENT

### POINT I

**Acme Realty/Augusti, Licensed Real Estate Brokers, Have Earned And Are Entitled To A Commission With Respect To The Partridge/Fischbein Transaction. Indeed, Defendant Partridge So Acknowledged. (Complaint ¶27).**

"[I]t cannot be assumed that a broker works gratuitously and [seller] and [purchaser] are held to such knowledge when they accept the result of the broker's services. . . . When the seller and buyer have agreed upon terms and execute a [purchase] agreement, the broker's work is done and he has earned a commission." *Gronich & Co.,*

5

*Inc. v. 649 Broadway Equities Co., Inc., 169 AD2d 600, 601 (1ˢᵗ Dept 1991); Park-Hayden, Inc. v. Loews Theatre Management Corp. (SDNY 1993), 1993 WL 287815* [under New York law, "provided the parties to the underlying contract close the transaction, the Courts have allowed the broker to recover his fee *from the buyer* (emph supp) even if he was originally employed by the seller."]; *Gronich & Co., Inc., 169 AD2d at 601.*

Giving the plaintiff the benefit of all inferences most favorable to her from the allegations of the Amended Complaint, Acme/Augusti are minimally entitled to a commission predicated upon *quantum meruit. PKG Associates, Inc. v. Dubb, 306 AD2d 333 (2ⁿᵈ Dept 2003).* Partridge's memorandum in support of its motion to dismiss inappropriately addresses the rules pertaining to proving a specific contract. Partridge's lengthy arguments with respect to that non-issue are just plain irrelevant.

An implied contract of employment may be based on the ["seller's" acceptance or, as in the case at bar, the "purchaser's"] acceptance of the broker's services, which occurs when the seller and buyer have agreed upon the terms of the sale. See *Gronich & Co., 169 AD2d at 601.* And, "[a]s a general rule, the performance and acceptance of services gives rise to the inference to pay for the reasonable value of such services." *Moors v. Hall, 143 AD2d 336 (2ⁿᵈ Dept 1988).*

### POINT II

**Acme Realty and Augusti, New York Licensed Real Estate Brokers With Whom Aida, As A Licensed Salesperson Was Associated, Are Necessary Parties To This Action.**

Acme Realty and Augusti "must be joined as a party [because] in [their] absence, the court cannot accord complete relief among existing parties," and "as a practical

6

matter, [would] impair or impede [Aida's] ability to protect [her] interest . . . ." *FRCP 19(a)(1)(A),(B)(i).*

Very simply, there is no question but that Aida, as a salesperson associated with brokers Acme/Augusti, put the Partridge/Fischbein deal together; that without her presence and efforts, it would have never happened. Accordingly, a commission was earned by Aida's broker associates, Acme/Augusti. Aida is entitled to 80% of that commission in accordance with her agreement with Acme/Augusti. (Complaint ¶36). There are but two possibilities with respect to the commission issue:

        a.    Acme/Augusti have collected the same but have not paid Aida her share.

        b.    Acme/Augusti ceased attempting to collect the same, or

In either case, there is a "collision of interests" between Aida and Acme/Augusti. Aida has two well-pled causes of action against them (Complaint ¶¶36-41), and there is complete diversity of citizenship with respect to such two causes of action. Aida, on one hand, is a citizen of Connecticut and Acme/Augusti, on the other hand, are citizens of New York and Florida, respectively. The significance of such "collision of interests" is set forth in Point III, *infra.*

### POINT III

**Defendant Acme Realty Corp. Should Not Be Realigned By This Court As A Plaintiff Because Aida Has A Real Claim Against Acme And There Is A "Collision Of Interests" Between Them.** *Maryland Casualty Co. v. W.R. Grace and Co., 23 F3d 617 (2nd Cir 1993).*

Plaintiff Aida, a real estate salesperson is disentitled under New York law to "receive or demand compensation of any kind from any person, other than a duly

licensed real estate broker with whom [she is] "associated, for any service rendered . . . by such salesman in the . . . buying [and] selling . . . [of] any real estate." *New York Real Property Law 442-a.* However, in this action, salesperson plaintiff Aida *makes no claim against anyone other than the "duly licensed real estate broker with whom she is associated."*

Aida's First Cause of Action is on behalf of the licensed real estate brokers with whom she was associated at the time -- defendants Acme Realty and Augusti. In that cause of action, since Acme Realty and Augusti refused to join this action as plaintiffs (Complaint ¶33), they are made defendants. "A person who refuses to join as a plaintiff may be made . . . a defendant . . . ." *FRCP 19(a)(2).*

Aida's Second and Third Causes of Action are direct claims by Aida against Acme/Augusti for 80% of the commissions which may have been received by Acme/Augusti from Partridge and Fischbein, or which may subsequently be recovered by Acme/Augusti in this action. Defendants Acme Realty and Augusti were New York licensed real estate brokers. (Complaint ¶35).

The Partridge defendants contend that this Court should realign Acme Realty as a plaintiff. Realignment of defendant Acme Realty Corp., a New York corporation, as a plaintiff, would be inappropriate in the facts and circumstances of this case. There is a real "collision of interests" between plaintiff Aida and defendant Acme Realty. *Maryland Casualty Co. v. W.R. Grace and Co., 23 F3d 617 (2nd Cir 1993). Maryland Casualty* sets the standard in the Second Circuit with respect to alignment of parties in cases involving diversity of citizenship in a *Rule 19(a)(2)* context.

8

In defining the relationship between the actual plaintiff -- here Aida, and the *Rule 19* defendant -- here Acme Realty -- the *Maryland Casualty* analysis is whether Aida has a real and a significant claim against Acme, a "collision of interests." If such a collision exists, Acme's alignment as a defendant will not be changed. The Complaint includes Aida's Second and Third Causes of Action against Acme Realty for a money judgment equivalent to 80% of the commissions Acme has received, or will receive, from the Partridge and Fischbein group of defendants for real estate commissions. (Complaint, Second and Third Causes of Action ¶¶ 36-41). This constitutes a real dispute between Aida and Acme Realty.

In *Maryland Casualty Co.*, the Second Circuit noted that

> "The purpose in realigning parties is to make sure that there is a bona fide controversy between, as the statute commands, citizens of different states. In applying the collision of interests test therefore we must be mindful that actual and substantial conflicts in fact existed at the initiation of the lawsuit. Hypothetical conflicts manufactured by skillful counsel must not control because such an approach would reintroduce the notion of gamesmanship so disparaged by the Supreme Court." *Maryland Casualty, 23 F3d at 623.*

In this case, there is no "gamesmanship;" there are no "[h]ypothetical conflicts manufactured by skillful counsel." Aida's claims against Acme are real and substantial, predicated upon real and substantial "collisions of interests." Partridges' memorandum in support of their motion to dismiss again misses the point. It talks about phony, collusive assignments or other improper attempts to create diversity of citizenship. Such is not the case here, and all of the cases cited by Partridge regarding attempts to manufacture diversity are inapposite.

Finally, the *Maryland Casualty* case, adopting the "collision of interests" test, rejects the proposition that parties should be realigned to reflect the "principal purpose of the suit." This was noted by Judge Hellerstein in *Provenance Media Group LLC v. Alibraheem (SDNY 2007), 2007 WL 2701978.* It is irrelevant as to whether the Acme/Augusti claim in the First Cause of Action may be the "principal purpose of the suit." The question is whether or not there is a "collision of interests" between Aida and Acme Realty.

Under "collision of interests" analysis:

> "courts require the existence of an actual, substantial controversy . . . but the conflict may in some cases concern an issue other than the so-called primary issue in dispute." [cases cited]. This approach is more flexible because it permits courts deciding whether diversity exists to consider the multiple interests and issues involved in the litigation." *Maryland Casualty, 23 F3d at 622; Federal Ins. Co. v. Tyco International Ltd., 422 FSupp2d 357 at 389 (SDNY 2006).*

## POINT IV

**Partridges' Application For Rule 11 Sanctions Is Frivolous, Has Not Been Properly Asserted Even If It Had Not Been Frivolous, And Is In And Of Itself Sanctionable.**

The arguments now made by the plaintiff in this Memorandum in opposition to the Partridge motion to dismiss are arguable, warranted by existing law, and predicated upon the facts as alleged in the Complaint. Indeed, the plaintiff believes that the Partridge motion to dismiss will be denied because the Partridge motion did not as much as bother to call to the Court's attention the *Maryland Casualty* case, or the fact that a broker who has brought about a real estate transaction is entitled to a commission notwithstanding the absence of a formal contract. It would seem that the Partridge

10

motion to dismiss itself is frivolous, both substantively and insofar as it seeks sanctions. Indeed, Partridge has failed to follow the "safe harbor" provisions of *Rule 11*.

Sanctions practice is unseemly. It triggers responses such as the instant response made by the plaintiff. Sanctions practice is a distraction to the Court. It should be discouraged, and can be discouraged, by an award of sanctions to the plaintiff. *Rule 11(c)(1)(A)* provides that "the court may award to the party prevailing on the motion the reasonable expenses and attorney's fees incurred in . . . opposing motion."

### IV.    CONCLUSION[1]

The Partridge defendants' motion to dismiss the First Cause of Action should be denied. The Partridge defendants' motion for *Rule 11* sanctions should be denied, and instead, it is respectfully suggested that the Court consider an award of sanctions against the Partridge defendants.

Dated: August 6, 2008
       Liberty, New York

Respectfully submitted,

ORSECK LAW OFFICES PLLC

By:
       GERALD ORSECK (GO9913)
Attorneys for Plaintiff
1924 State Route 52, P.O. Box 469
Liberty, NY 12754
(845) 292-5800

---

[1] In the event the Court finds pleading deficiencies which may be cured, plaintiff requests leave to replead.

## AFFIDAVIT OF SERVICE

Tami Davis, being duly sworn, deposes and says:  that deponent is not a party to the action, is over 18 years of age and resides at Livingston Manor, New York.

That on the 7th day of August, 2008, deponent served a copy of the within

**PLAINTIFF'S MEMORANDUM OF LAW
IN OPPOSITION TO MOTION BY
DEFENDANTS PARTRIDGE & PARTRIDGE REALTY CORP.,
CHRIS PARTRIDGE AND HEWES STATION LLC
TO DISMISS COMPLAINT FOR FAILURE TO STATE A CLAIM**

by mailing the same in a sealed envelope, with postage prepaid thereon, in an official depository of United Postal Service within the State of New York, addressed to the last known address of the addressee(s) as indicated below:

Craig H. Handler, Esq.
Kushnick & Associates, P.C.
Attys. for Partridge & Partridge Realty, Chris Partridge and Hewes Station LLC
445 Broad Hollow Road, Suite 124
Melville, NY  11747

Paul A. Winick, Esq.
Lynn & Cahill, LLP
Attys. for Fischbein and The Yankee Systems
500 Fifth Avenue
New York, NY  10110

Philip J. Campisi, Jr., Esq.
Westerman, Ball, Ederer, Miller & Sharfstein, LLP
477 Madison Avenue
New York, NY 10022

Acme Realty Inc.
3297 23rd Street
Astoria, NY  11106

Antonio Hector Augusti
200 Whitehorn Drive
Miami Springs, FL  33166

Tami Davis

Sworn to before me this
7th day of August, 2008.

_____
Notary Public

GERALD ORSECK
Notary Public, State Of New York
Sullivan County Clerk's #762
Commission Expires November 30, 20 10