UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- :
AIDA MARKISIC,                                                 :
                                                               :
                Plaintiff                 :   Case No. 08-cv-05478 (SCR)
                                                               :
       v.                                                     :
                                                               :
THE YANKEE SYSTEMS, INC., JOSEPH                               :
FISCHBEIN, PARTRIDGE & PARTRIDGE                               :
REALTY CORP., CHRIS PARTRIDGE,                                 :   AFFIRMATION OF
WESTERMAN, BALL EDERER, MILLER &                               :   PAUL A. WINICK
SHARFSTEIN, LLP, PHILIP J. CAMPISI, JR.,                       :
ACME REALTY INC., ANTONIO HECTOR                               :
AUGUSTI and HEWES STATION, LLC,                                :
                                                               :
                Defendants.               :
-------------------------------------------------------------- :


PAUL A. WINICK, affirms under penalty of perjury that:


    1.     He is an attorney admitted to practice before this Court, and is counsel to defendants The Yankee Systems, Inc. and Joseph Fishbein (collectively, the "Moving Defendants") in the above-captioned action.


    2.     Annexed to this Affidavit as Exhibit A is a true copy of the Amended Complaint served upon the Moving Defendants.


    3.     In summary, the Plaintiff, who claims to be a licensed real estate sales person, seeks to recover compensation for, allegedly, facilitating a real estate transaction

between several of the named defendants.

    4.    As is more fully explained in the accompanying Memorandum of Law, the Amended Complaint itself establishes that:

    (a)    the Plaintiff is disabled from bringing the claims by New York State law. Real Property Law Sec. 442-a bars real estate salespersons from demanding or claiming compensation from any person, other than a licensed real estate broker with whom the sales person is associated, for any service rendered or work done in connection with, *inter alia*, the sale of real estate. As a consequence, the Plaintiff lacks the capacity to bring the claims set forth in the Amended Complaint.

    (b)    As a consequence of Plaintiff's legal inability to assert the claims set forth, the Amended Complaint fails the state a claim upon which relief can be granted' and

    (c)    The Plaintiff is not the proper party to assert the claim for brokerage commission, and the proper party, the broker, is not diverse from the defendants named in the case. Accordingly, the required complete diversity of citizenship between plaintiff and defendants does not exist, and the Court, therefore, lacks subject matter jurisdiction over the claims in the Amended Complaint.

    5.    Accordingly, it is respectfully submitted that the Amended Complaint

should be dismissed in its entirety as against Joseph Fishbein and The Yankee Systems, Inc.

Dated: New York, New York
       August 15, 2008

                                                                     _____s/_____
                                                                       Paul A. Winick (PW-6710)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
AIDA MARKISIC,                                                     Case No. 08-cv-05478

                         Plaintiff,                                    JUDGE ROBINSON

                -against-                                           MAGISTRATE SMITH

THE YANKEE SYSTEMS, INC., JOSEPH
FISCHBEIN, PARTRIDGE & PARTRIDGE
REALTY CORP., CHRIS PARTRIDGE,
WESTERMAN, BALL, EDERER, MILLER
& SHARFSTEIN, LLP, PHILIP J. CAMPISI,
JR., ACME REALTY INC., ANTONIO HECTOR
AUGUSTI and HEWES STATION, LLC,

                         Defendants.
------------------------------------------------------------X

## AMENDED COMPLAINT

### I.    THE PARTIES

#### A.    The Plaintiff

1. Plaintiff Aida Markisic (hereafter "Aida") is a citizen of and resides at 14 Bloomfield Drive, Fairfield, Connecticut 06825.

#### B.    The Defendants

2(a). Defendant The Yankee Systems, Inc. (hereafter Yankee Systems) is a New York corporation having its principal place of business at 137 Starlight Road, Monticello, New York, within the Southern District of New York.

(b). Defendant Joseph Fischbein (hereafter Fischbein) is a principal of defendant Yankee Systems, and is a citizen of and resides at 137 Starlight Road, Monticello, Sullivan County, New York, within the Southern District of New York.

1

3(a). Defendant Partridge & Partridge Realty Corp. (hereafter Partridge Realty) is a New York corporation having a place of business at 23-05 Astoria Boulevard, Astoria, New York.

(b). Defendant Chris Partridge (hereafter Partridge) is a principal of defendant Partridge Realty and has a place of business at 23-05 Astoria Boulevard, Astoria, New York and, upon information and belief, is a citizen of and resides in the State of New York.

4(a). Defendant Hewes Station, LLC (hereafter Hewes Station) is a New York limited liability company having a place of business at 23-08 Newtown Avenue, Suite 1B East, Long Island City, New York.

(b). Defendant Partridge is a principal of defendant Hewes Station.

5(a). Defendant Westerman, Ball, Ederer, Miller & Sharfstein, LLP (hereafter Westerman Ball) is a New York limited liability law partnership having a place of business at 477 Madison Avenue, New York, New York, within the Southern District of New York.

(b). Defendant Philip J. Campisi, Jr. (hereafter Campisi) is an attorney-at-law, so licensed in the State of New York and, upon information and belief, and at the times complained of herein, was a partner and/or associate of defendant Westerman Ball and is a citizen of and resides in the State of New York.

6(a). Defendant Acme Realty Inc. (hereafter Acme) is a New York corporation, having a place of business at 2397 23rd Street, Astoria, New York.

(b). Defendant Antonio Hector Augusti (hereafter Augusti) is a principal of defendant Acme Realty Inc., is a citizen of and resides at 200 Whitehorn Drive, Miami Springs, in the State of Florida 33166.

## II. JURISDICTION

7. Jurisdiction in this action is in accordance with 28 USC 1332(a) in that (a) the matter in controversy exceeds the sum of $75,000 exclusive of interest and costs; and (b) the action is between "citizens of different States . . . ."

## III. VENUE

8. Venue is properly within the Southern District of New York in accordance with 28 USC 1391(a), the Southern District of New York being "a judicial district in which any defendant resides," in that defendant Fischbein resides within the Southern District of New York, and defendant Yankee Systems has its principal place of business within the Southern District of New York, and defendant Westerman has a place of business within the Southern District of New York.

## IV. RELATIONSHIP OF THE PARTIES

9. From at least 2000 to the present time, Aida has been a New York State real estate salesperson, license #40MA0910404.

10. That heretofore and during the years 2000 or 2002, Aida was associated with Kelly & Amal, Inc., then a New York licensed real estate broker, transacting a real estate brokerage business under the ReMax trade name.

11. That in early April 2001, one Refik Radonic, who then owned property on 21st Street in Astoria, Queens, New York, asked Aida to find another property or properties on 21st Street where he could build residential or condominium apartments. In making such investigation, Aida located property on 21st Street then owned by defendant Yankee and its sole stockholder and officer, defendant Fischbein.

3

12. Aida contacted defendant Fischbein, advised him that she was a real estate salesperson, and asked him if he wanted to sell his property on 21st Street, which property is part of the subject matter of this action; that she represented a potential buyer. Fischbein advised plaintiff that the property was leased to a tenant -- Exxon/Humble Oil; that he would try to buy back the lease; that there may have been some petroleum product pollution which would have to be dealt with. That property, referred to as the "subject property" is that parcel located at the northwest corner of 21st Street, Astoria, Queens, also known as 26-36 27th Avenue, Block 885, Lots 1 & 3.

13. Defendant Fischbein advised Aida that he would sell the subject property to Aida's buyer for $1,500,000.

14. Aida then transmitted the offer to Radonic, who rejected the offer as too high a price.

15. Thereafter, and on or about late 2002 or early 2003, the plaintiff terminated her affiliation with Kelly & Amal and became affiliated as a salesperson for defendant Acme Realty, of which defendant Augusti was the controlling equity owner and principal, both Acme and Augusti then being New York licensed real estate brokers.

16. Aida thereafter advised Fischbein that she was then affiliated with Acme, which would be the broker of record, and remained in constant contact with defendant Fischbein regarding the sale of the subject property during which time, having discussed the matter with her, but without Aida's participation, Fischbein sold a parcel of property across the street from the subject property to a mosque.

17. Thereafter, and some time in 2003, Aida obtained listings from one non-party "Joe," a homeowner adjoining the subject gas station property, to sell his property for the sum of $450,000. Aida also then obtained a listing from another nearby property

4

owner, non-party Keson, for $550,000, which listing resulted in a contract presently pending closing.

18. Fischbein advised Aida that he wanted to buy the "Joe" property and the Keson property for a total of $850,000, which offer was passed onto "Joe" and Keson and rejected.

19. Aida obtained another buyer, non-party Ridwan Kabir, who purchased the "Joe" and Keson properties collectively for $1,000,000, Aida having been the successful broker with respect thereto.

20. Thereafter, Kabir sold his property to William Park, who introduced Aida to Partridge during the summer of 2004, at Partridge's office at 23-08 Newtown Avenue, Long Island City.

21. Partridge was very interested in purchasing the Fischbein/Yankee gas station property and requested that Aida try to arrange a purchase by him of the subject property from Fischbein/Yankee.

22. In any event, all during 2002-2004, Aida continued to speak to Fischbein concerning the gas station property which is the subject of this action; that after meeting Partridge as aforesaid, Aida was in frequent communication with both Partridge and Fischbein, attempting to structure a deal between them for the sale of the subject property to Partridge.

23. Fischbein initially asked for $3.8 million and Partridge agreed. Immediately thereafter, Fischbein advised Aida that he changed in mind -- he wanted $4.2 million. While Aida was at Partridge's office, Partridge and Aida spoke to Fischbein on the speakerphone, during which conversation Fischbein asked for $4.2 million and Partridge agreed to pay that price.

24. Partridge then wrote a check in the sum of $400,000 (Exh A) as the prospective contract deposit, to his own name and handed the check to Aida, to be endorsed by Partridge and paid over to Fischbein upon the signing of a contract. Thereafter, Fischbein advised Aida that he now wanted $4.5 million.

25. Aida received a telephone call from Partridge requesting that she come to his office. She went to his office and he showed her a contract between Partridge Realty and Fischbein/Yankee, for the sum of $4.5 million, more or less. A rider to it stated there was "no broker," notwithstanding the fact that Aida had advised Fischbein and Partridge that Acme/Augusti were the brokers, that she was the salesperson, and were entitled to a commission of 4%. Partridge told Aida that 4% was "too much." Partridge then advised that Fischbein would only pay $5,000. Aida attempted to call Fischbein but Fischbein would not take her calls.

26. Subsequently, Partridge advised Aida that he was about to go to Florida but he wanted to get the brokerage matter resolved so that he could close. He advised her that he [Partridge and Partridge Realty] would pay $25,000 toward her commission and that Fischbein would pay $5,000 in addition. Aida insisted on the 4% which was $180,000. Thereafter, Partridge advised Aida that he would see to it that she was paid $65,000 which Aida refused.

27. Partridge, a licensed real estate broker himself, acknowledged and agreed, specifically, to and with Aida: (a) that she introduced the parties to each other; (b) that through her efforts, the parties agreed to the specific terms of a contract; (c) that the contract was signed; (d) that she was entitled to a commission; and (e) that he would see to it that she was paid a fair commission.

28. Thereafter, Aida's brother was seriously injured in an accident and for a time thereafter, defendant Augusti continued negotiations with Fischbein/Yankee and Partridge concerning Aida's entitlement to a commission with respect to the subject transaction.

29. Aida had tape recorded conversations with Partridge and Fischbein and had obtained an executed binder from Partridge, the possession of which was entrusted to defendant Augusti.

30. In the interim, and on or about October 20, 2005, Fischbein, as its sole stockholder, officer and director, caused Yankee Systems to sell the subject premises to Partridge, Partridge taking title in the name of an LLC formed by him named Hewes Station LLC, for the sum of $4.5 million, or more, the exact amount not presently known by Aida. That in addition thereto, and upon information and belief, Partridge/Hewes Station paid Fischbein/Yankee Systems $9,000 per month for an unknown number of months prior to and subsequent to the closing.

31. That as a result of the foregoing, Augusti, Acme and Aida retained attorney defendant Campisi and his firm, defendant Westerman Ball, to commence an action to recover the agreed commission of $180,000, being 4% of the purchase price of $4.5 million.

32. At the meeting between Augusti, Aida and Campisi, Aida turned over to Campisi her taped telephone conversations with Partridge, and taped conversations between Augusti and Partridage. The tapes were played and discussed with Campisi. Copies of the $400,000 check given to Aida by Partridge, together with the signed binder agreement, and together with a letter addressed to Fischbein, written by Augusti and signed by Aida, a copy of which is annexed as Exh B, were also turned over to Campisi at the time.

7

33. That thereafter, defendants August and Campisi refused to communicate with Aida in any manner or form.

**AS AND FOR A FIRST CAUSE OF ACTION
ON BEHALF OF ACME AND AUGUSTI
FOR THE BENEFIT OF AIDA AGAINST
DEFENDANTS YANKEE SYSTEMS, FISCHBEIN,
PARTRIDGE, PARTRIDGE REALTY AND
HEWES STATION FOR NON-PAYMENT OF
EARNED BROKERAGE COMMISSION**

34. As a result of all of the foregoing, and on behalf of her real estate broker association with Acme and Augusti, Aida successfully brokered the real estate transaction wherein and whereby Fischbein/Yankee Systems sold the subject premises to Partridge/Partridge Realty/Hewes Station for at least $4,500,000, thereby entitling Acme and Augusti to a brokerage commission, the agreed and fair and customary value of which is 4% of the purchase price, being the sum of $180,000.

35. That with respect to this cause of action, and this cause of action only, defendants Acme and Augusti are named as defendants in accordance with FRCP 19 because they refuse to join this action as plaintiffs and are necessary parties hereto in that New York Real Property Law 442-a provides that a licensed real estate salesperson may not seek recovery for any services provided by such salesperson such right to collection being only within the province of "a duly licensed real estate broker with whom [the salesperson is] associates . . . ," such salesperson being Aida and such duly licensed real estate broker being Augusti and Acme.

8

### AS AND FOR A SECOND CAUSE OF ACTION
### ON BEHALF OF AIDA AS AGAINST DEFENDANTS
### ACME/AUGUSTI FOR AIDA'S 80% SHARE
### OF BROKERAGE COMMISSION

36.　As a licensed real estate salesperson and Acme/Augusti as a licensed real estate broker, Acme/Augusti were to pay Aida 80% thereof as had been paid in each transaction theretofore brokered by Aida.

37.　That upon recovery by Acme/Augusti of the commissions referred to in the First Cause of Action, Aida is entitled to a judgment against Acme/Augusti for 80% of the amount of such recovery.

38.　That this Second Cause of Action constitutes a collision and antagonistic relationship between Aida on one hand, and Acme and Augusti, on the other hand.

### AS AND FOR A THIRD CAUSE OF ACTION
### ON BEHALF OF AIDA AS AGAINST DEFENDANTS
### ACME/AUGUSTI, A SUM EQUIVALENT TO
### 80% OF COMMISSION RECEIVED BY
### ACME/AUGUSTI

39.　That predicated upon the refusal of Acme/Augusti to communicate with Aida, Acme/Augusti may have received the subject commission from Partridge/Partridge Realty/Hewes Station and Fischbein/Yankee Systems.

40.　That if this proves to be the case, then Aida is entitled to recover from Acme/Augusti 80% thereof, providing that the settlement of the amount of the commission received by Acme/Augusti is fair and reasonable.

41.　That this Third Cause of Action constitutes a collision and antagonistic relationship between Aida on one hand, and Acme and Augusti, on the other hand.

### AS AND FOR A FOURTH CAUSE OF ACTION
### ON BEHALF OF AIDA AS AGAINST DEFENDANTS
### WESTERMAN BALL AND CAMPISI

42.  That in the event the payment of the commission from the defendants as described in the First Cause of Action was collected by defendants Westerman Ball and Campisi, then and in that event, since Campisi and his law firm Westerman Ball were retained by Aida, then Campisi and Westerman Ball are liable to Aida for 80% of the amount received.

### AS AND FOR A FIFTH CAUSE OF ACTION
### ON BEHALF OF AIDA AS AGAINST DEFENDANTS
### WESTERMAN BALL AND CAMPISI, A SUM
### EQUIVALENT TO 80% OF COMMISSION
### RECEIVED BY ACME/AUGUSTI

43.  That the failure of Campisi and Westerman Ball to prosecute the claims of Acme/Augusti and Aida for commissions from the other defendants as more fully described hereinabove, particularly in the First Cause of Action, constituted legal malpractice, the results of which damaged Aida in an amount equivalent to 80% of the commission to which Acme/Augusti was otherwise entitled.

WHEREFORE, Aida demands judgment against the defendants as follows:

In the First Cause of Action on behalf of Acme and Augusti for the benefit of Aida against defendants Yankee Systems, Fischbein, Partridge, Partridge Realty and Hewes Station, for non-payment of earned brokerage commission, the sum of $180,000.

In the Second Cause of Action on behalf of Aida against defendants Acme/Augusti, for Aida's 80% share of brokerage commission.

In the Third Cause of Action on behalf of Aida against defendants Acme/Augusti, a sum equivalent to 80% of commission received by Acme/Augusti.

In the Fourth Cause of Action on behalf of Aida against defendants Westerman Ball and Campisi, a sum equivalent to 80% of commission received by Acme/Augusti.

In the Fifth Cause of Action on behalf of Aida against defendants Westerman Ball and Campisi, a sum equivalent to 80% of commission received by Acme/Augusti, all with interest from October 20, 2005, and with the costs and disbursements of this action.

Dated: June 19, 2008
      Liberty, New York

                                Yours, etc.

                                ORSECK LAW OFFICES PLLC

                                By:_____
                                GERALD ORSECK (GO9913)
                                Attorneys for Plaintiff
                                1924 State Route 52, P.O. Box 469
                                Liberty, NY  12754
                                (845) 292-5800

## JURY DEMAND

PLEASE TAKE NOTICE that plaintiff demands trial by jury.

Dated: June 19, 2008
      Liberty, New York

                                Yours, etc.

                                ORSECK LAW OFFICES PLLC

                                By:_____
                                GERALD ORSECK (GO9913)
                                Attorneys for Plaintiff
                                1924 State Route 52, P.O. Box 469
                                Liberty, NY  12754
                                (845) 292-5800

Case 7:08-cv-05478-SCR    Document 19    Filed 08/15/2008    Page 15 of 19

Exhibit A

CHRIS PARTRIDGE
CARMEN PARTRIDGE
23-08 NEWTOWN AVE., SUITE 18-EAST
LONG ISLAND CITY, NY 11102

INDEPENDENCE COMMUNITY BANK
LONG ISLAND CITY, NY 11103
1-7121-2260

1051

Date 8/5/2004

$ **400,000.00

PAY TO THE ORDER OF Chris Partridge

Four Hundred Thousand and 00/100************************************ DOLLARS

Good Faith Deposit 21 St & Ast Blvd

⑆226071211⑆ 0146071683⑈ 1051

Exhibit B

December 7, 2003

Dear Mr. Fishbein,

Hi it's Aida. Just following up on our conversation and as you asked, I'm sending you a card with my new office number and address.

As we discussed, I have the two properties ajoining your gas station sold and in contract. I have those buyers and some others interested in the property because of the large tract of land.

Feel free to call me on my cell or office numbers anytime, so we can speak more on this.

Cordially Yours,

*[signature]*