Paul A. Winick (PW-6710)
LYNN & CAHILL LLP
58 W. 40th Street
New York, New York 10018
(212) 719-4400

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------:
AIDA MARKISIC,                                               :
                                                             :
                    Plaintiff                                : Case No. 08-cv-05478 (SCR)
                                                             :
            v.                                               :
                                                             :
THE YANKEE SYSTEMS, INC., JOSEPH                             :
FISCHBEIN, PARTRIDGE & PARTRIDGE                             :
REALTY CORP., CHRIS PARTRIDGE,                               :
WESTERMAN, BALL EDERER, MILLER &                             :
SHARFSTEIN, LLP, PHILIP J. CAMPISI, JR.,                     :
ACME REALTY INC., ANTONIO HECTOR                             :
AUGUSTI and HEWES STATION, LLC,                              :
                                                             :
                    Defendants.                              :
-------------------------------------------------------------:

**MEMORANDUM OF LAW OF DEFENDANTS
THE YANKEE SYSTEMS, INC. and JOSEPH FISHBEIN
IN SUPPORT OF THEIR MOTION TO DISMISS
PLAINTIFF'S AMENDED COMPLAINT**

                                                       LYNN & CAHILL LLP
                                                       By Paul A. Winick (PW_6710)
                                                       *Attorneys for Defendants*
                                                       *The Yankee Systems, Inc. and*
                                                       *Joseph Fishbein*
                                                       58 West 40th Street
                                                       New York, New York 10018
                                                       (212) 719-4400

# TABLE OF CONTENTS

|  | Page |
|---|---|
| TABLE OF AUTHORITES…………………………………………………… | 2 |
| PRELIMINARY STATEMENT……………………………………………. | 3 |
| STATEMENT OF FACTS…………………………………………………. | 3 |
| ARGUMENT……………………………………………………………….. | 4 |
| POINT I.   PLAINTIFF'S CLAIM AGAINST MOVING DEFENDANTS IS BARRED BY REAL PROPERTY LAW SEC. 442-a……… | 4 |
| POINT II.  PLAINTIFF LACKS THE LEGAL CAPACITY TO ASSERT A CLAIM ON BEHALF OF OTHER DEFENDANTS……….. | 5 |
| POINT III. THE AMENDED COMPLAINT MSUT BE DISMISSED FOR LACK OF DIVERSITY JURISDICTION………………. | 6 |
| CONCLUSION……………………………………………………………… | 7 |

## TABLE OF AUTHORITIES

**Pages**

Conlon v. Teicher
8 A. D. 2d 606, 779 A. D. 2d 574 (2d Dept. 2004)……………………………   5

Humm v. Lombard World Trade, Inc.
916 F. Supp. 291 (S.D.N.Y. 1996)…………………………………………….   7

Levinson v. Genessee Associates
172 A. D. 2d 400, 568 N. Y. S. 2d 780 (1st Dept. 1991)……………………...   5

Securities Investor Protection Corp. v. BDO Seidman
49 F. Supp 2d 644 (S.D.N.Y. 1999)…………………………………………...   6

Visual Sciences, Inc. v. Matushita Electric Industrial Co. Ltd.
528 F. Supp. 1000 (E.D.N.Y. 1981)……………………………………………   7

Weintraub v. Welch
77 A. d. 2d 792, 430 N. Y.S. 2d 738 (4th Dept. 1980)………………………..   5


**Federal Statutes**
28 U. S. C. Sec. 1332 (a) …………………………………………………….   6

**State Statutes**
New York Real Property Law Sec. 442-a…………………………………….   4, 5

**PRELIMINARY STATEMENT**

Defendants, The Yankee Systems, Inc. ("Yankee") and Joseph Fishbein ("Fishbein") (collectively referred to as the "Moving Defendants"), submit this Memorandum of Law in support of their motion, pursuant to Federal Rules of Civil Procedure 9(a) and 12(b), to dismiss the First Cause of Action in Plaintiff's Amended Complaint.  The First Cause of Action is the only claim made against Moving Defendants.

The grounds for Moving Defendants' motion are : (1) that due to the statutory bar of Real Propety Law Sec. 442-a, which prohibits a real estate sales person from demanding or receiving real estate commissions from anyone except the licensed real estate broker under whose license the sales person worked, the Amended Complaint fails to state a claim against Moving Defendants upon which relief can be granted; (2) that the Plaintiff lacks the capacity to bring the claim alleged against Moving Defendants in the Amended Complaint; and (3) due to the fact that the true owner of the claim asserted against Moving Defendants is a New York Corporation and, hence, a citizen of New York, as are the Moving Defendants, complete diversity of citizenship between Plaintiff and Defendant does not exist and the Court, consequently, lacks subject matter jurisdiction.

**STATEMENT OF FACTS**

As concerns the Moving Defendants, Plaintiff alleges that she was a licensed real estate sales person  with a New York real estate salesperson's license.  Complaint, Para 9

( A copy of the Amended Complaint is annexed to the Moving Affirmation of Paul A. Winick, Esq.). Plaintiff claims to have become affiliated in or about late 2002 or early 2003 with Acme Realty,Inc. ("Acme"), a New York Corporation, and it's principal, Antoinio Hector Augusti ("Augusti"), Complaint, Para. 15, both of who Plaintiff claims to be licensed real estate brokers. Complaint, Para. 15.

Plaintiff claims to have thereafter been involved in some negotiations to "structure a deal" between "Yankee Systems, Inc.", as sellers, and others of the defendants named in the Amended Complaint, as buyers. Complaint, Para. 22. While Plaintiff does not allege that there was a brokerage agreement, either written or verbal, with either the Moving Defendants or the buyers of the property, Plaintiff is, clearly, seeking a commission, from Moving Defendants and others, from the sale of real estate. Complaint, Para. 34.

## **ARGUMENT**

I. **PLAINTIFF'S CLAIM AGAINST MOVING DEFENDANTS IS BARRED BY REAL PROPERTY LAW SEC. 442-a.**

Plaintiff's claim for relief against Moving Defendants, found in the First Cause of Action in the Amended Complaint, is a claim for brokerage commission. Complaint, Para. 34.

Real Property Law Sec. 442-a provides that:

> "No real estate salesman in any place in which this article is applicable shall receive or demand compensation of any kind from any person, other

-4-

> than a duly licensed real estate broker with whom he is associated, for any service rendered or work done by such salesman in the appraising, buying, selling, exchanging, leasing, renting or negotiating of a loan upon any real estate."

The Amended Complaint makes it clear that Plaintiff is seeking compensation for services provided in connection with a sale of real estate. See, Complaint Paras. 21 to 27. Accordingly, Real Property Law Sec. 442-a, which precludes a real estate sales person from seeking compensation from anyone other than the license real estate broker for whom he or she work, is an absolute bar to Plaintiff's claim against Moving Defendants, who were sellers of the subject property. See, Levinson v. Genessee Associates, 172 A. D. 2d 400, 568 N.Y.S. 2d 780 (1st Dept. 1991); Conlon v. Teicher, 8 A.D. 2d 606, 779 A. D. 2d 574 (2d Dept. 2004); Weintraub v. Welch, 77 A. D. 2d 792, 430 N.Y.S. 2d 738 (4th Dept. 1980). Plaintiff is not without a remedy; she may sue the broker for damages. Conlon v. Teicher, *supra* ; Weintraub v. Welch, *supra*.

## II.     PLAINTIFF LACKS THE LEGAL CAPACITY TO ASSERT A CLAIM ON BEHALF OF OTHER DEFENDANTS.

Plaintiff purports to assert the First Cause of Action (for brokerage compensation) "on behalf of" defendants Acme Realty, Inc. and Antonio Hector Agusto both of whom Plaintiff alleges to be licensed real estate brokers for whom she worked at the time of the subject real estate transaction. Complaint, Para. 15.

Plaintiff's attempt to assert the legal claims of these other parties is legally ineffective. It is black letter law that a party can only assert claims that enforce his or her own legal rights. Securities Investor Protection Corporation v. BDO Seidman LLP, 49 F. Supp 2d 644 (S.D.N.Y. 1999). In this case, to the contrary, Plaintiff has made clear in her pleading that the legal right she is attempting to enforce is not hers at all but, rather, belongs to the licensed real estate brokers she claims to have worked for. Consequently, Plaintiff lacks the legal capacity to bring the claim alleged against the Moving Defendants in the Amended Complaint.

### III. THE AMENDED COMPLAINT MUST BE DISMISSED FOR LACK OF DIVERSITY JURISDICTION.

The Plaintiff alleges that the Court has jurisdiction over the case under the Court's diversity jurisdiction under 28 U.S.C. Sec. 1332(a), which requires, *inter alia*, that the action be between citizens of different states.   The Complaint alleges complete diversity, in that Plaintiff is a citizen of Connecticut.  However, the Amended Complaint also alleges that Acme Realty, Inc., one of the two defendants on whose behalf the claim is brought maintains its  principle place of business in New York.

However, for the reasons discussed above, it is inarguable that the Plaintiff herself does not have any claim against the Moving Defendants on the facts alleged in the Amended Complaint.   That claim, if there is any such claim at all, belongs to the licensed real estate brokers, Acme and Augusti.  In Plaintiff's pleading Acme and Augusti are the real plaintiffs in interest, and should be aligned as such.  Once that is done, the complete diversity of parties required for jurisdiction under 28 U.S.C. 1332 no longer exists and, accordingly, the court no longer has jurisdiction over the matter.  See, Humm v. Lombard World Trade, Inc., 916 F. Supp. 291 (S.D.N.Y. 1996) (In diversity suit brought by a lead underwriter "on behalf of" various 'names' in a Lloyd's of London syndicate, the 'names' were all real parites in interest and, thus, citizenship of all 'names' had to be considered in determining diversity) ; Visual Sciences , Inc. v. Matsushita Electric Industrial Co., Ltd., 528 F. Supp. 1000 (E.D.N.Y. 1981).

## **CONCLUSION**

By reason of the foregoing, it is respectfully requested that the motion of defendants The Yankee Systems, Inc and Joseph Fishbein for an order dismissing the Amended Complaint herein be granted in all respects.

Dated: New York, New York
       August 15, 2008

                                              Respectfully submitted, .

                                              LYNN & CAHILL LLP

                                              By <u>s/ Paul A Winick</u>
                                                      Paul A. Winick (PW-6710)
                                            *Attorneys for Defendants*
                                            *The Yankee Systems, Inc. and*
                                            *Joseph Fishbein*
                                            58 West 40th Street
                                            New York, New York 10018
                                            (212) 719-4400