UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------X
AIDA MARKISIC,                          :          Case No. 08-cv-05478 (SCR)
                                        :
              Plaintiff,                :
                                        :
      -against-                         :
                                        :
THE YANKEE SYSTEMS, INC.,               :
JOSEPH FISCHBEIN, PARTRIDGE &           :
PARTRIDGE REALTY CORP., CHRIS           :
PARTRIDGE, WESTERMAN, BALL,             :
EDERER, MILLER & SHARFSTEIN,            :
LLP, PHILIP J. CAMPISI, JR., ACME       :
REALTY INC., ANTONIO HECTOR             :
AUGUSTI and HEWES STATION, LLC,         :
                                        :
              Defendants.               :
-----------------------------------------------------X

## REPLY MEMORANDUM OF LAW OF DEFENDANTS PARTRIDGE & PARTRIDGE REALTY CORP., CHRIS PARTRIDGE and HEWES STATION, LLC IN FURTHER SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S COMPLAINT

KUSHNICK & ASSOCIATES, P.C.
By: Craig H. Handler [CHH-2002]
Attorneys for Defs., Partridge & Partridge Realty
Corp., Hewes Station, LLC and Chris Partridge
445 Broad Hollow Road, Suite 124
Melville, New York 11747
Tel: (631) 752-7100
Fax: (631) 777-7732

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES …………………………………….    3

PRELIMINARY STATEMENT ………………………………...    6

LEGAL STANDARD……………………………………………    7

POINT I.

      PLAINTIFF HAS FAILED TO OPPOSE
      DEFENDANTS' ARGUMENT THAT HER
      CLAIM IS PRECLUDED PURSUANT TO
      REAL PROPERTY LAW SECTION 442………………    9

      A.      Real Property Law §442-a prohibits
           real estate salesman from seeking to
           recover from purchaser compensation
           for services rendered in transfer of property…….    9

      B.      Plaintiff has no standing to assert a claim for
           Compensation against purchaser on behalf of
           the defendant real estate brokers…….………..    11

POINT II

PLAINTIFF'S COMPLAINT IS FRIVOLOUS
AND THE MOVING DEFENDANTS SHOULD
THEREFORE BE AWARDED SANCTIONS
PURSUANT TO RULE 11……………………………………..    13

CONCLUSION ………………………………………………….    16

TABLE OF AUTHORITIES

Page(s)

Bell Atlantic v. Twombly,
__U.S.__, 127 S.Ct. 1955 (2007)…………………………………….........    7


Conley v. Gibson,
355 U.S. 41, 45-46, 78 S.Ct. 99, 102 (1957)……………………………….    7


Conlon v. Teicher,
8 A.D.3d 606, 779 N.Y.S.2d 574 (2nd Dep't 2004)…………………………    10


Eastway Constr. Corp. v. New York,
762 F.2d 243, 253 (2nd Cir. 1985)………………………………………...    13


Estate of Calloway v. The Marvel Entertainment Group,
9 F.3d 237, 27 fed.R.Serv.3d 753 (2nd Cir. 1993)…………………………...    13


In re: R.J. Russell Associates, Inc.,
1997 WL 33702298 (W.D.N.Y. 1997)………………………………………    10


In re Thomas Van Riper, Inc.,
1999 WL 184111 (E.D.N.Y.)(E.D.N.Y. 1999)………………………………    10


Kirschner v. Zoning Board of Appeals of the Incorporated Village
of Valley Stream,
159 F.R.D. 391 (E.D.N.Y. 1995)……………………………………………    13, 14


Levine v. County of Westchester,
164 F.R.D. 372, 34 Fed.R.Serv.3d 305 (S.D.N.Y. 1996)……………………..    13


Levinson v. Genesse Associates,
172 A.D.2d 400, 568 N.Y.S.2d 780 (1st Dep't 1991)…………………………    9, 10


Myles v. Litas Investing Co.,
152 A.D.2d 731, 544 N.Y.S.2d 183 (2nd Dep't 1989)…………………………    10


Schaker Real Estate corp. v. Heller,
46 A.D.2d 696, 360 N.Y.S.2d 273 (2nd Dep't 1974)…………………………    10


Securities Investor Protection Corporation v. BDO Seidman, LLP,
49 F.Supp.2d 644 (S.D.N.Y. 1999)…………………………………………    12

<u>Solow v. Stone,</u>
994 F.Supp. 173, 178 (S.D.N.Y.1998)…………………………………………    12

<u>Weintraub v. Welch,</u>
77 A.D.2d 792, 430 N.Y.S.2d 738 (4th Dep't 1980)…………………………...    10

## Federal Statutes

F.R.C.P. (9)(a)……………………………………………………….    6

F.R.C.P. 11……………………………………………………...    13, 14

F.R.C.P. 12(b)(6)…………………………………………………….    6

## New York State Statutes

Real Property Law §442………………………………………….    6, 8, 9, 10, 11, 12

## PRELIMINARY STATEMENT

This Memorandum of Law is submitted in reply to plaintiff's opposition to the defendants' PARTRIDGE & PARTRIDGE REALTY CORP.'s ("Partridge Realty"), CHRIS PARTRIDGE's ("Partridge") and HEWES STATION, LLC's ("Hewes")(hereafter, Partridge, Partridge Realty and Hewes shall be collectively referred to as the "Moving Defendants"), motion pursuant to Rules 12(b)(6) and 9(a) of the Federal Rules of Civil Procedure, to dismiss the First Cause of Action (the only cause of action alleged against them) contained within plaintiff's Complaint, based upon:  (1) the statutory bar of Real Property Law §442 which precludes a real estate salesperson from demanding or receiving brokerage commissions against the Moving Defendants; (2) Plaintiff's failure to plead a claim pursuant to Fed. R. Civ. P. 12(b)(6); and (3) Plaintiff's lack of capacity to maintain an action against the Moving Defendants.

As demonstrated in defendants' Memorandum of Law previously submitted to this Court in support of the motion, the instant application should be granted in its entirety. Indeed, plaintiff's own Memorandum of Law in opposition to the motion itself further demonstrates that the defendants' application should be granted. Specifically, rather than opposing or arguing against the defendants' contention that the statutory bar of Real Property Law §442 precludes plaintiff, a real estate salesperson, from demanding or receiving brokerage commissions against any party other than her affiliated broker, plaintiff actually concedes as much throughout her Memorandum of Law in opposition. According to plaintiff, this case is simply about "a real estate salesperson's claims against her broker for her share of commissions earned through years of work on the subject transaction." (See Plaintiff's Memorandum of Law page 1, paragraph 1).

It is simply incontrovertible that plaintiff's sole claim, if any, lies against the broker defendants, ACME REALTY INC. ("ACME") and ANTONIO HECTOR AUGUSTI ("Augusti"). There is no theory in law, or in fact, (nor does plaintiff even attempt to assert one) which permits plaintiff to maintain a direct claim against the Moving Defendants. Accordingly, plaintiff's complaint against the Moving Defendants must be dismissed.

## LEGAL STANDARD

Not only does plaintiff bury her head in the sand with respect to the legal arguments made by the moving Defendants in support of dismissal, but plaintiff is also of the belief that the instant motion should be viewed through the lens of outdated and superceded standards of law. As set forth in the Moving Defendants' underlying Memorandum of Law, the Supreme Court in Bell Atlantic v. Twombly, __U.S.__, 127 S.Ct. 1955 (2007), rejected the oft-quoted language from Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." The Bell Atlantic Court held:

> [A]fter puzzling the profession for 50 years, this famous observation has earned its retirement. The phrase is best forgotten as an incomplete, negative gloss on an accepted pleading standard: once a claim has been stated adequately, it may be supported by any set of facts consistent with the allegations of the complaint. Conley, then, described the breadth of opportunity to prove what an adequate complaint claims, not the minimum standard of pleading to govern a complaint's survival.

__U.S.__, 127 S.Ct. at 1969. In place of the discredited language from Conley, the Court relied upon other authority holding that:

> While a complaint attacked on a Rule 12(b)(6) motion does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels

and conclusions, and a formulaic recitation of the elements of a
cause of action will not do. Factual allegations must be enough to
raise a right to relief above the speculative level, on the assumption
that all the allegations in the complaint are true (even if doubtful in
fact).

Id., 127 S.Ct. at 1959 (citations omitted). The Court summarized the applicable

standard as requiring, at least, allegations "plausibly suggesting (not merely

consistent with)," liability.

In an effort to somehow salvage her meritless claim against the Moving Defendants,

plaintiff merely resorts to regurgitating the factual platitude of the allegations contained in

Plaintiff's Amended Complaint. Even if this Court were to accept plaintiff's allegations as true,

or according to plaintiff, in the "proper light," then the instant complaint must still be dismissed

as against the Moving Defendants.

As argued at great length in defendants' initial arguments in support of the motion, the

factual allegations contained within plaintiff's complaint serve little purpose, but to demonstrate

that plaintiff does not possess a single viable cause of action against the Moving Defendants.

Plaintiff concedes that she was and is a licensed real estate salesperson and alleges to have been

affiliated with defendant brokers ACME and Augusti at the time of the sale of the subject

property. Plaintiff further concedes that the Moving Defendants were purchasers or ostensibly,

entities somehow related to the purchasers of the subject property. Accordingly, taking these

allegations as true, the statutory bar imposed by Real Property Law §442, unquestionably

precludes plaintiff's claims against the Moving Defendants.

Finally, in addition to plaintiff's inability to assert a claim for brokerage commissions

against the Moving Defendants, like the complaint, plaintiff's opposition papers fail to set forth

any semblance of supportive allegations against the Moving Defendants, allegations which are

8

required by the Federal Rules of Civil Procedure. Plaintiff does not even address this argument in her opposition to the motion.

## LEGAL ARGUMENTS

### POINT I.

**PLAINTIFF HAS FAILED TO OPPOSE DEFENDANTS' ARGUMENT THAT HER CLAIM IS PRECLUDED BY REAL PROPERTY LAW SECTION 442**

Plaintiff's sole cause of action against the Moving Defendants is the First Cause of Action in the Amended Complaint and is premised strictly upon plaintiff's alleged entitlement to a portion of a brokerage commission arising out of the sale of the subject property.

Real Property Law §442-a provides:

> "No real estate salesman in any place in which this article is applicable shall receive or demand compensation of any kind from any person, other than a duly licensed real estate broker with whom he associated, for any service rendered or work done by such salesman in the appraising, buying, selling, exchanging, leasing, renting or negotiating of a loan upon any real estate."

**A.     Real Property Law §442-a proscribes a real estate salesman from seeking to recover from a purchaser compensation for services rendered in the transfer of property**

As noted in defendants' underlying Memorandum of Law, courts of the State have uniformly enforced §442-a of the Real Property Law by dismissing actions commenced by real estate salespersons who seek compensation from any party other than the broker with whom said salesperson was associated at the time of the subject transaction. See, Levinson v. Genesse Associates, 172 A.D.2d 400, 568 N.Y.S.2d 780 (1st Dep't 1991)(licensed real estate salesperson could not demand any compensation from purchasers of commercial building for services rendered in connection with purchase…Real Property Law limited salesperson to demanding compensation from real estate broker with whom she was associated); Conlon v. Teicher, 8

A.D.3d 606, 779 N.Y.S.2d 574 (2nd Dep't 2004)(plaintiff salesperson statutorily barred from bringing against any party other than a licensed real estate broker with whom she was associated…Plaintiff's remedy is to seek to recover damages from broker); In re: R.J. Russell Associates, Inc., 1997 WL 33702298 (W.D.N.Y.)(W.D.N.Y. 1997)(citing New York Real Property Law §442-a, "New York law prohibits payment of commissions directly to salespersons"); Schaker Real Estate corp. v. Heller, 46 A.D.2d 696, 360 N.Y.S.2d 273 (2nd Dep't 1974)(Real estate salespersons' right to recovery, if any, for efforts in leasing building was only against their employer, and not against the lessor); Weintraub v. Welch, 77 A.D.2d 792, 430 N.Y.S.2d 738 (4th Dep't 1980)(Real Property Law §442-a proscribes real estate salesman from seeking to recover from purchaser compensation for services rendered in transfer of property); In re Thomas Van Riper, Inc., 1999 WL 184111 (E.D.N.Y.)(E.D.N.Y. 1999)(where real estate salespersons' claim is based upon compensation for services regulated by Real Property Law §442-a, action against party other than associated broker is foreclosed); and Myles v. Litas Investing Co., 152 A.D.2d 731, 544 N.Y.S.2d 183 (2nd Dep't 1989).

The plaintiff's own allegations contained within the amended complaint, and repeated in her Memorandum of Law in opposition to this motion, demonstrate: 1) plaintiff was a real estate salesperson at the time the subject property was sold; 2) plaintiff allegedly rendered services in connection with the sale which were strictly in furtherance of facilitating the sale of the subject property; and 3) the Moving Defendants were not brokers associated with plaintiff, but rather purchasers, or entities and/or persons related to the purchaser, of the subject property. Accordingly, Real Property Law §442-a is directly applicable to the circumstances of this action and undeniably precludes plaintiff from maintaining an action against the Moving Defendants, as a matter of law.

**B.     Plaintiff has no standing to assert a claim for
         Compensation against purchaser on behalf of
         the defendant real estate brokers**

Once again, plaintiff completely ignores defendants' Real Property Law §442-a
argument, and instead feebly attempts to confound the issue by arguing at length that the
defendant *brokers* have earned a commission on the related real property transaction. Even if the
Moving Defendants were to concede (which they do not) that the defendant brokers were entitled
to a commission, plaintiff, a real estate salesperson, could still not maintain a direct claim against
the Moving Defendants. To be clear, contrary to plaintiff's contention, the Moving Defendants
do not acknowledge or even concede that the broker defendants, ACME and Augusti, have
earned and/or are entitled to a commission. Rather, the Moving Defendants have chosen not to
waste this Court's time with the issue because it is patently irrelevant to the success of the instant
motion. The Real Property Law's preclusion of plaintiff's claim against the Moving Defendants
is absolute and any entitlement the broker defendants may or may not have to a commission is
completely irrelevant to plaintiff's lack of standing to assert a direct claim against the Moving
Defendants.

Plaintiff once again acknowledges the proscription of Real Property Law §442-a, and
specifically cites the statutory language, in both her complaint (See Exhibit "A", paragraph 35),
and her Memorandum of Law in opposition to the instant motion (See Plaintiff's Memorandum
of Law, page 4, paragraph 3). Still, refusing to pursue a proper claim against the brokers whom
plaintiff alleges to have been associated with at the time the subject property was sold, plaintiff
insists upon maintaining a patently frivolous action against the Moving Defendants. In a blatant
attempt to skirt Real Property Law §442-a, the plaintiff asserts a cause of action against the
Moving Defendants "on behalf of ACME and Augusti for the benefit of Aida…for non-payment

11

of earned brokerage commission." Not only is this claim entirely without legal merit, but it flies directly in the face of the legislative intent of Real Property Law §442-a.

Quite simply, plaintiff has absolutely no legal standing to maintain a claim against the Moving Defendants on behalf of the defendant brokers ACME and Augusti. Plaintiff in her Memorandum of Law in opposition to the instant motion fails to cite to a single case which rebuts the well settled maxim that to have standing to sue in federal court, a party must assert his or her own legal rights and interests and cannot rest his or her claim to relief upon the legal rights or interests of third parties. See, <u>Securities Investor Protection Corporation v. BDO Seidman</u>, LLP, 49 F.Supp.2d 644 (S.D.N.Y. 1999). Indeed, "standing is a jurisdictional matter and the plaintiff must 'allege facts demonstrating that he is the proper party to invoke jurisdictional resolution of the dispute. *Id.* at 649; *see, e.g.*, <u>Solow v. Stone</u>, 994 F.Supp. 173, 178 (S.D.N.Y.1998). To the contrary, plaintiff in the instant matter has actually alleged facts that establish that she is **not** the proper party to bring a claim, if any, against the Moving Defendants. By plaintiff's very own admission, only the defendant brokers ACME and Augusti could possibly bring a proper claim against the Moving Defendants, if such a claim actually existed.

Plaintiff acknowledges that "a real estate salesperson is disentitled under New York Law to 'receive or demand compensation of any kind from any person, other than a duly licensed real estate broker with whom [she is] associated…"(See Plaintiff's Memorandum of Law, page 7, paragraph 4). Plaintiff then claims that she makes no claim against anyone other than the "duly licensed real estate broker with whom she is associated." Why then are the Moving Defendants, each a non-broker, named in this action? Like her complaint, plaintiff's arguments in opposition to the motion defy logic and reason.

Plaintiff's argument regarding "realignment of parties" and "collision of interests" is equally irrelevant to the instant motion. Were plaintiff to have commenced a proper action, naming only the broker defendants, ACME and Augusti, any concerns over a "collision of interest" would be moot, as there would be no need to realign the parties. Plaintiff would simply pursue her claim for a share of commissions ostensibly earned by licensed brokers, ACME and/or Augusti. The Moving Defendants simply cannot be joined as defendants in plaintiff's suit.

Accordingly, plaintiff is not the proper party to bring a claim against the Moving Defendants, and as such, the complaint must be dismissed.

## POINT II.

### PLAINTIFF'S COMPLAINT IS FRIVOLOUS AND THE MOVING DEFENDANTS SHOULD THEREFORE BE AWARDED SANCTIONS PURSUANT TO RULE 11

The purpose of Rule 11 is to deter baseless filings and to curb abusive litigation. *See*, Levine v. County of Westchester, 164 F.R.D. 372, 34 Fed.R.Serv.3d 305 (S.D.N.Y. 1996); and Kirschner v. Zoning Board of Appeals of the Incorporated Village of Valley Stream, 159 F.R.D. 391 (E.D.N.Y. 1995). Indeed, Rule 11 "imposes an affirmative duty to conduct a reasonable inquiry into factual and legal viability of claims." Id. at 374, citing, Eastway Constr. Corp. v. New York, 762 F.2d 243, 253 (2nd Cir. 1985). Where the court finds that Rule 11 has been violated, it is "required to impose sanctions…" Estate of Calloway v. The Marvel Entertainment Group, 9 F.3d 237, 27 fed.R.Serv.3d 753 (2nd Cir. 1993).

Once again, based upon plaintiff's assertion that the Moving Defendants have failed to follow the "safe harbor" provision of Rule 11, it appears that plaintiff has not even read defendants' Memorandum of Law. Had plaintiff read the supporting papers, she would know that in accordance with the provisions of Rule 11, plaintiff, by letter and telephone, was placed on

notice of the frivolous nature of the action. Moreover, the Moving Defendants demanded that the action be voluntarily discontinued against them, in the hopes that the instant motion would be unnecessary. (See June 27, 2008, letter annexed to defendants' initial Memorandum of Law as Exhibit "D"). The plaintiff has seemingly forgotten that she patently refused to voluntarily discontinue the action against the Moving Defendants and as a result, the instant motion was necessary and this Honorable Court has been burdened.

In light of these facts, plaintiff must be sanctioned under Fed.R.Civ.P. 11. Pursuant to Rule 11, the court may award to a party costs in the form of reasonable attorney's fees and related expenses incurred from the frivolous conduct. The amount of the attorney's fees and associated disbursements to be awarded as Rule 11 sanctions is calculated under the "lodestar" method, whereby the court, in its discretion, multiplies the number of hours reasonably expended on litigation by reasonable hourly rate, and the lodestar calculation is then adjusted upward or downward to arrive at the reasonable amount of the award. Kirschner, *supra* at 396.

The costs and attorneys' fees for the Moving Defendants in relation to the instant motion and plaintiff's refusal to voluntarily discontinue the frivolous complaint have increased since the filing of the instant motion and are now as follows:

> - Receipt and review of plaintiff's complaint and subject contract of sale. Telephone conference with plaintiff's counsel re: Rule 11 demand. Draft Rule 11 demand to plaintiff's counsel. Draft tender letter to seller Fischbein……………………………………………………………….(1.7)
>
> - Draft Notice of Appearance. Legal research RPL 442. Legal research FRCP Rule 12(b)(6) and 9(a)…………………………………..(2.6)
>
> - Legal research sanctions for frivolous conduct. Draft Notice of Motion and Memorandum of Law in Support. Prepare motion exhibits………..……………………………………………………...(12.6)

- Legal research re: sanctions for frivolous conduct; draft affirmation in opposition to plaintiffs' motion to restore; draft affirmation of service and prepare motion exhibits…………………………………………(2.3)

- Review correspondence w/civil case scheduling order. Draft proposed discovery plan. Review correspondence from plaintiff's counsel re: same. Draft letter to all parties re: proposed discovery plan. Draft letter to Judge Scott C. Robinson re: briefing schedule for motion. Review notice of appearance for defendants Yankee & Fishbein……………………(2.4)

- Review and analyze Memo of Law in opposition to motion to dismiss. Review letter from counsel for Fishbein to Judge Robinson re: proposed briefing schedule…………………………………………………..(1.3)

- Draft reply Memo of Law in response to plaintiff's opposition….(3.3)


26.2 hours @ $275.00/ hour          =          $7,205.00

                          Total:          $7,205.00


For the foregoing reasons, the Moving Defendants request an award of sanctions in the amount of $7,205.00.

## <u>CONCLUSION</u>

By virtue of the foregoing, it is respectfully requested that the motion of defendants Partridge & Partridge Realty, Inc., Chris Partridge and Hewes Station, LLC, for an order dismissing the amended complaint filed against them herein be, in all respects, granted.

Dated: Melville, New York
      August 18, 2008

                                  Respectfully submitted,

                                  KUSHNICK & ASSOCIATES, P.C.

                                  By: __/s/ Craig H. Handler_____
                                        Craig H. Handler, Esq. (CHH 2002)
                                  Attorneys for the Moving Defendants
                                  445 Broad Hollow Road, Suite 124
                                  Melville, New York 11747
                                  (631) 752-7100

STATE OF NEW YORK, COUNTY OF SUFFOLK) ss.:

      Craig H. Handler, being duly sworn, deposes and says:

      That I am not a party to this action, am over the age of 18 years and reside at Suffolk County, New York.

      That on the 18th day of August, 2008, I served the within:

**REPLY MEMORANDUM OF LAW**

by depositing a true copy thereof enclosed in a post-paid wrapper, in an official depository under the exclusive care and custody of the United States Postal Service within the State of New York, addressed to each of the following persons at the last known address set forth after each name:

Orseck Law Offices PLLC
Attorneys for Plaintiff, **Aida Markisic**
1924 State Route 42
P.O.Box 469
Liberty, NY  12754

Lynn & Cahill LLP
attorneys for **Yankee Systems, Inc. and Fishbein**
58 W. 40th Street
New York, NY 10018

**Westerman, Ball, Ederer, Miller & Sharfstein LLP**
477 Madison Avenue
New York, NY 10022

**Philip J. Campisi, Jr.**
Westerman, Ball, Ederer, Miller & Sharfstein LLP
477 Madison Avenue
New York, NY 10022

**ACME Realty Inc.**
3297 23rd Street
Astoria, NY 11106

**Antonio Hector Augusti**
200 Whitehorn Drive
Miami Springs, FL 33166

                                  /s/
                               Craig H. Handler

Sworn to before me
on the   18th day of August, 2008

      /s/
        Notary Public