Paul A. Winick (PW-6710)
LYNN & CAHILL LLP
58 W. 40th Street
New York, New York 10018
(212) 719-4400

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------:
AIDA MARKISIC,                                              :
                                                            :
               Plaintiff                        :  Case No. 08-cv-05478 (SCR)
                                                            :
               v.                               :
                                                            :
THE YANKEE SYSTEMS, INC., JOSEPH                            :
FISCHBEIN, PARTRIDGE & PARTRIDGE                            :
REALTY CORP., CHRIS PARTRIDGE,                              :
WESTERMAN, BALL EDERER, MILLER &                            :
SHARFSTEIN, LLP, PHILIP J. CAMPISI, JR.,                    :
ACME REALTY INC., ANTONIO HECTOR                            :
AUGUSTI and HEWES STATION, LLC,                             :
                                                            :
               Defendants.                      :
-----------------------------------------------------------:

**REPLY MEMORANDUM OF LAW OF DEFENDANTS
THE YANKEE SYSTEMS, INC. and JOSEPH FISHBEIN
IN SUPPORT OF THEIR MOTION TO DISMISS
PLAINTIFF'S AMENDED COMPLAINT**

                          LYNN & CAHILL LLP
                          By Paul A. Winick (PW_6710)
                          *Attorneys for Defendants*
                          *The Yankee Systems, Inc. and*
                          *Joseph Fishbein*
                          58 West 40th Street
                          New York, New York 10018
                          (212) 719-4400

**PRELIMINARY STATEMENT**

Defendants, The Yankee Systems, Inc. ("Yankee") and Joseph Fishbein ("Fishbein") (collectively referred to as the "Moving Defendants"), submit this Reply Memorandum of Law in support of their motion, pursuant to Federal Rules of Civil Procedure 9(a) and 12(b), to dismiss the First Cause of Action in Plaintiff's Amended Complaint. The First Cause of Action is the only claim made against Moving Defendants.

Plaintiff's opposition to this motion[1] fails to address the fundamental issue that requires dismissal of Plaintiff's case as against the moving defendants, namely, that under the facts pleaded in the complaint, the Plaintiff is precluded from suing the moving defendants, or anyone other than the defendant brokers, to recover the claimed real estate brokerage commission.

In her opposition Plaintiff seeks to use the indispensable party provisions of F.R.C.P.19 to assert a cause of action that is not hers. For the reasons set forth below, F.R.C.P. 19 does not apply, and creates no right in Plaintiff to assert a cause of action that Plaintiff concedes is not hers, but belongs to her former employers.

**ARGUMENT**

**I.    PLAINTIFF LACKS THE LEGAL CAPACITY TO ASSERT A CLAIM ON BEHALF OF OTHER DEFENDANTS.**

---

[1] In her opposition to the Motion to Dismiss filed by Fishbein and The Yankee Systems, Inc., Plaintiff incorporated by reference her papers in opposition to the Motion to Dismiss filed by the Partridge group of defendants. This Reply, accordingly, address those opposition papers.

Plaintiff's claim for relief against Moving Defendants, found in the First Cause of Action in the Amended Complaint, is a claim for brokerage commission. Complaint, Para. 34. As is more fully discussed in the Moving Defendants' initial Memorandum of Law, New York Real Property law Sec. 442-a prohibits Plaintiff from directly claiming a real estate commission from third party's such as the Moving Defendants or, for that matter, from anyone else in the world except Acme Realty Inc. ("Acme") and Antonion Hector Augusti ("Augusti"), the brokers for whom she worked. In re Thomas Van Riper, Inc., 1999 WL 184111 (E.D.N.Y. 1999); Weintraub v. Welch, 77 A. D. 2d 792, 430 N.Y.S. 2d 738 (4th Dept. 1980).

Because Plaintiff is barred by state law from directly suing the parties to the underlying real estate transaction, she is attempting to hijack that claim from the real estate brokers whose claim it is by purporting to assert the First Cause of Action (for brokerage compensation) "on behalf of" the broker defendants. Neither broker defendant has, as yet, appeared in this action or asserted that claim in any forum.

Plaintiff's attempt to assert the legal claims of these other parties is legally ineffective. It is black letter law that a party can only assert claims that enforce his or her own legal rights. Securities Investor Protection Corporation v. BDO Seidman LLP, 49 F. Supp 2d 644 (S.D.N.Y. 1999). In this case, to the contrary, Plaintiff has made clear in her pleading that the legal right she is attempting to enforce is not hers at all but, rather, belongs to the licensed real estate brokers she claims to have worked for. Consequently, Plaintiff lacks the legal capacity to bring the claim alleged against the Moving Defendants in the Amended Complaint.

**II.  THE ADJUDICATION OF ACME'S AND AUGUSTI'S PURPORTED CLAIMS AGAINST THE MOVING DEFENDANTS IS NOT NECESSARY TO AFFORD PLAINTIFF RELIEF ON HER CLAIMS.**

Plaintiff acknowledges that the only claim that she is making is one against the licensed real estate brokers who whom she was associated, Plaintiff's Memorandum of Law in Opposition to Motion by Defendants Partridge & Partridge Realty Corp., Chris Partridge and Hewes Station LLC to Dismiss Complaint for Failure to State a Claim (hereinafter, " Plaintiff's Memo in Opp.") at p.8,  and that she is barred by statute from asserting a claim against the Moving Defendants. Id.

In an attempt to avoid the statutory bar to her asserting a claim for brokerage commission against the Moving Defendants, Plaintiff has claimed that, under F.R.C.P. 19, she must be permitted to assert the claim of the brokers, Acme and Augusti, against third parties because (a) in the absence of a resolution of these claims the court can not accord complete relief among existing parties, and (b) as a practical matter their non-joinder would impair or impede Plaintiff's ability to protect her interest.  Plaintiff's Memo in Opp,, at pp. 6-7.  Plaintiff offers no explanation for why these statements are true, and, in fact, they are not.  Complete relief can be afforded Plaintiff without a resolution of any claim that Acme and Augusti may have. [2]

---

[2] Moving Defendants do not concede either that any of the facts in the Amended Complaint are true, or that any brokerage commission is owed to Acme, Augusti or anyone as a result of the transaction described therein.  Moving Defendants address the possibility of such a claim solely because on this motion to dismiss the court must accept as true the factual allegation of the complaint, and draw all inferences in favor of the pleader.  Mills v. Polar Molecular Corp., 12 F. 3d 1170, 1174 (2d Cir. 1993)

A.   **PLAINTIFF CAN OBTAIN COMPLETE RELIEF ON HER CLAIMS WITHOUT RESOLUTION OF ANY CLAIMS THAT THE BROKERS MAY HAVE AGAINST THIRD PARTIES.**

Acme and Augusti are defendants in Plaintiff's second and third causes of action in the Amended Complaint, the only claims in this case that are Plaintiff's own. The resolution of Plaintiff's claim against Acme and Augusti requires litigation of nothing more than those claims themselves, which will provide "complete relief" as between Plaintiff and Acme and/or Augusti. However, the necessity for joinder stops there

Plaintiff does not explain how the resolution of her claim against Acme and Augusti—the only claim that she is allowed under New York law—requires the litigation of the claim by Acme and Augusti against others that Plaintiff, not Acme or Augusti, has brought in the first cause of action. Nor could she. Acme and Augusti run the risk of being found liable to Plaintiff, their former sales associate, on the second and/or third claims in the Amended Complaint whether or not they choose to bring a claim against other parties arising from that transaction, and no matter what the outcome of those claims might be. Thus, Plaintiff can obtain complete relief on her claims without resolution of the brokers' claims against third parties, and joinder of the brokers as nominal plaintiffs so that Plaintiff can assert their claims is not permitted under F.R.C.P. 19.

B.   **PLAINTIFF'S ABILITY TO PROTECT HER INTEREST WILL NOT BE IMPAIRED OR IMPEDED IF PLAINTIFF IS NOT ALLOWED TO PROSECUTE THE BROKERS' CLAIMS AGAINST THIRD PARTIES.**

Plaintiff also argues that resolution of the claim of Acme and Augusti against the third parties is necessary because, "…as a practical matter" failure to do so would impair or impede Plaintiff's ability to protect her interest. Plaintiff's Memo in Opp., at p.6-7. Again, Plaintiff gives no reasons to support for this bald claim, and no such support exists. Plaintiff's claim against Acme and Augusti arise from whatever contractual relationship she had with them. While Plaintiff's role in the underlying real estate transaction must be proven as a matter of evidence, Acme's and Augusti's rights to

recover against third parties does not have to be resolved to allow Plaintiff to do so, or to permit a determination of Plaintiff's right on her own causes of action.

What Plaintiff is doing here is confusing joinder of necessary parties under F.R.C.P. 19—not an issue here since Plaintiff has directly sued Acme and Augusti in her second and third causes of action and they are, therefore, already joined as parties-- with the joinder of claims under F.R.C.P. 18.   However, F.R.C.P.18 does not allow a party to assert claims that do not belong to that party in the first place, as Plaintiff is attempting to do here. .

Joinder of claims is governed by F.R.C.P. 18, and the language of F.R.C.P. 18 makes it clear that a party can only join its own claims in a litigation:

> A party asserting a claim to relief as an original claim…
> May join, either as  independent or as alternate claims
> as many claims, legal, equitable or maritime,
> <u>as the party has</u> against an opposing  party.
> [emphasis supplied]

For whatever reason, and that reason is no where explained in either the Amended Complaint or in Plaintiff's opposition papers, Plaintiff may wish that Acme and Augusti had asserted their claims. However, those claims belong to the brokers, and Plaintiff lacks any authority to assert them.

## **CONCLUSION**

For the reasons set forth above, it is respectfully requested that the motion of defendants The Yankee Systems, Inc and Joseph Fishbein for an order dismissing the Amended Complaint herein be granted in all respects.

-7-

Dated: New York, New York
September 4, 2008

        Respectfully submitted, .

        LYNN & CAHILL LLP

        By \_\_\_\_\_s/Paul W. Winick_____
            Paul A. Winick (PW-6710)
        *Attorneys for Defendants*
        *The Yankee Systems, Inc. and*
        *Joseph Fishbein*
        58 West 40th Street
        New York, New York 10018
        (212) 719-4400